## Houston & Tex. Cent. R'y Co. v. Louis Gilmore.

### (Case No. 1609.)

1. Negligence.— If the injury complained of results from the negligence of a co-employee, with no want of care on the part of the railway company, the person injured cannot recover damages of the railway company.

2. Charge of the court.— A charge of the court as to the duty of the railway company in the selection and retention of its employees is, in a suit for damages caused by alleged negligence of the company, erroneous and prejudicial when there is no evidence or issue as to that subject before the court.

3. Same — Cases cited.— Hutchins v. Masterson, 46 Tex., 551; Cravens v. Wilson, 48 Tex., 324, and other cases, cited and approved.

Appeal from Grayson. Tried below before the Hon. Richard Maltbie.

Appellee sued appellant to recover damages for injuries received by him while in its employ. The petition alleged in substance that defendant failed to furnish skilful engineer, conductor and brakemen to operate its train, and furnished defective and unsuitable machinery and cars, and that while in its employ as brakeman he received certain injuries described in his petition, and he claimed $20,000 damages.

Defendant pleaded specially:

1st. That it employed skilful servants to handle said train, and denied all knowledge of their incompetency.

2d. That plaintiff by his own negligence caused his injury.

3d. That if plaintiff was injured it was through the negligence of his fellow-servants, stating the negligence.

A trial resulted in verdict for plaintiff for $4,500.

*R. De Armond*, for appellant.

*Hare & Head*, for appellee.

Stayton, Associate Justice.— If the injury of which the appellee complains resulted from the negligence of the person who was in charge of the engine, or from the negligence of those who made up the train, he was not entitled to recover even though his own negligence may not have contributed to the injury; for such persons were his fellow-servants.

There was no evidence tending to show that the appellant had not exercised due care in the selection of employees who were engaged in the common employment with the appellee; nor that it had in any respect been negligent in keeping in its service any employee who was subsequent to his employment found unfit for the

service. On the contrary, the uncontradicted evidence shows that the other employees were well qualified for the service in which they were employed.

Such being the state of the evidence, we are of the opinion that the court should not have instructed the jury as to the duty of the appellant in the selection and retention of employees.

A part of the charge was calculated to impress upon the mind of the jury the idea that there was an issue before them as to whether the appellant had exercised due care in the selection of employees with whom the appellee was engaged in the common service, and as to whether the appellant had exercised due care in retaining in its service such employees after notice of their unfitness.

Such a charge, in the absence of facts on which such issues could be made, was calculated to mislead the jury and should not have been given. Thompson v. Shannon, 9 Tex., 536; Andrews v. Marshall, 26 Tex., 212; Cravens v. Wilson, 48 Tex., 324; Lee v. Hamilton, 12 Tex., 413; Hampton v. Dean, 4 Tex., 455; Hancock v. Horan, 15 Tex., 507; Earle v. Thomas, 14 Tex., 583; Hutchins v. Masterson, 46 Tex., 551.

It cannot be known, in the present state of the record, what effect the charge, though abstractly correct so far as it went, may have had on the minds of the jury; the issue to which this part of the charge was directed, had there been evidence to raise it, would have been under the evidence in the case of the greatest importance, and we cannot say that the charge of the court may not have induced the jury to believe that in the opinion of the court there was evidence upon which they might determine that issue.

The fact that counsel for the appellant subsequently asked a charge which would, with the charge of the court referred to, have presented the law on the issue fully, cannot affect the question; for if it was not the right of the appellant to have the law on the issue fully presented, after it had been in part presented by the court, when there was no evidence to support it, such course would not amount to a waiver of the error.

The residue of the charge of the court presents the law of the case on other questions fairly to the jury so far as it goes.

For the error noticed the judgment will be reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered November 14, 1884.]