TEXAS AND PACIFIC RAILWAY CO. V. W. P. BERCHFIELD.

No. 2004.

1. **Charge of Court—Issue without Evidence.**

Where there is no evidence tending to support an issue made by the pleading, it is error for the charge to submit such issue to the jury.

2. **Same—Injuries to Livestock in Shipment.**

In an action to recover for injuries to cattle in shipment, plaintiff's petition alleged the injuries to have been done by various means, and the court charged that plaintiff would be entitled to recover for the damages found by the jury to have been done by any or all of the said means (enumerated in that paragraph of the charge), "or by any other means that are charged in the petition." Held, error, as authorizing the jury to ignore controverted conditions and questions affecting defendant's liability for damages alleged to have been caused by yet other means, submitted in a preceding paragraph of the charge.

3. **Same—Measure of Damages—Market Value.**

In an action for injuries to cattle in shipment, the measure of damages is the difference between the market value of the cattle as received at the point of destination, and what such value would have been but for the injuries.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*B. G. Bidwell,* for appellant.—It was error in the court to charge the jury that if they found certain named averments of the plaintiff's petition true, they could find for the plaintiff such damages, if any, as were done to plaintiff's cattle by any or all the means charged in the plaintiff's petition, when other grounds of recovery were alleged by plaintiff, besides those set out in the charge.

*S. H. Cowan* and *G. W. Walthall,* for appellee.—1. Where a contract purports to be upon a reduced rate of freight, but the evidence shows there was no reduced rate, there is no consideration, and it is proper for the court to submit that issue to the jury where there is a sworn plea of no consideration. Railway v. McCarty, 79 Texas, 33; 18 S. W. Rep., 716; Railway v. Wright, 21 S. W. Rep., 80; Railway v. Carter, 29 S. W. Rep., 565.

2. Where the court enumerates all of the grounds set out in the plaintiff's petition as constituting the several causes from which the injury is alleged to have flowed, and then charges the jury that "the plaintiff would be entitled to recover of the defendant such damages that was done (if any was done) by any or all of the means, or by any other means that are charged in plaintiff's petition," if injury did result from some of the means alleged but the evidence fails to show that any resulted from some one of the specific causes and the jury find in favor of the plaintiff for damages, which are not excessive, the court will not disturb the verdict unless it appears that the jury might have been misled to the defendant's injury. Railway v. Corley, 29 S. W. Rep., 231.

TARLTON, CHIEF JUSTICE.—The appellee brought this suit

against the appellant to recover damages to a shipment of 182 head of cattle from Monahans, Texas, to Paoli, in the Indian Territory. The transit over the line of the appellant was to Fort Worth, Texas, and thence by a connecting carrier, the Gulf, Colorado & Santa Fe Railway Co., to the point of destination. From a verdict and judgment in the plaintiff's behalf in the sum of $884.75, this appeal is prosecuted.

The cause of action as set out in the petition rests primarily upon the verbal contract of defendant made on or about May 1, 1892, by which it undertook to have in readiness on May 6, 1892, at Monahans, seven cars of standard length, at the rate of $65 each, for the transportation of the plaintiff's 182 head of cattle. It is averred that the defendant failed to comply with this contract, whereby the plaintiff was delayed in the shipment until a late hour of May 7, 1892, when he was required to pay an additional freight charge of $10 per car. In consequence of this breach of contract, he averred and prayed damages with reference to the delay at Monahans before actual shipment in the sum of $50 for compensation for loss of time and for the expense of herding his cattle until shipment, $50 on account of injury to the stock in holding them without food or water while awaiting the delayed shipment, and $70 the additional cost of the cars. He alleged that on account of the failure of the defeandant to comply with its contract, the cattle were held at Monahans for thirty-six hours without food or water, and that they were thus rendered weak and feverish, and were reduced in flesh and strength, and that as a consequence on the subsequent transit they got down in the cars and were trampled upon, bruised and killed.

It is further alleged, that after the actual receipt of the cattle the defendant negligently delayed them without food or water at Big Springs and at Iatan, stations on its line, for six hours at the former and nearly one hour at the latter place; that it undertook to make up the time thus lost by running at a very high rate of speed from Iatan to Fort Worth, a distance of more than 250 miles; that the rate of speed was so great as to jam the cattle and throw them from side to side, causing them to get down in the cars, bruising and injuring them; that on reaching Fort Worth the stock were permitted to remain on the cars over the protest of the plaintiff, for more than twelve hours, having been about thirty-eight hours without food or water, and that they were held in the pens for two days.

In consequence of these negligent acts plaintiff prayed a recovery in damages as follows: 32 which died, worth $20 per head, the sum of $640; for the remaining 150 damages at $3 per head, $450; for the car which transported the 32 head, a charge on which was unnecessarily paid on account of the 32, the sum of $75. These items, together with the damages prayed for in connection with the delay at Monahans and the overcharge on the seven cars, aggregate $1335 as the amount claimed by the averments of the petition.

The defendant, after pleading the general issue, denied specially that it had contracted with the plaintiff to have in readiness on May 6, 1892,

the seven cars at $65 per car. It pleaded a contract in writing, dated May 7, 1892, whereby, in consideration of a rate of freight lower than the usual rate, plaintiff undertook to load, unload, feed and water the stock, and released the defendant from delay in shipping the stock, waiving any damages accruing under any prior contract, verbal or written.

Plaintiff in a supplemental petition assailed the contract thus relied upon, (1) as having been obtained from him under duress, in that after having received the cattle under the prior contract stipulating for $65 per car, the defendant refused to transport them unless the appellee would execute the contract in writing; (2) he charged that the latter was without consideration.

The charge of the court, designed for the guidance of the jury in solving the issues presented for consideration, in the event they should find invalid the written contract relied upon by defendant, may be thus accurately stated:

1. The jury were told that if the agent of the defendant agreed to have certain cars at its station at Monahans on the 6th of May, 1892, for the purpose of receiving and shipping plaintiff's cattle from Monahans on that day, and if the defendant failed to furnish the cars and to receive and ship the cattle until the 7th day of May, 1892, and if the plaintiff had his cattle ready for shipment on May 6, and the plaintiff was thus compelled to hold his cattle at and around Monahans until May 7, 1892, and if by reason of the failure of the defendant to receive and ship the cattle the plaintiff was thus required to hold them from the 6th until the 7th of May, 1892, and the plaintiff was compelled to incur cost and expense as set out in his petition, he would be entitled to recover such cost and expense as he necessarily incurred on account thereof.

2. The jury were told that if the agents of the defendant, after the cattle were received and loaded, wrongfully and negligently made delays as charged by plaintiff between Monahans and the delivery of the cattle to the other carrier at Fort Worth, by which they were not delivered as soon as they should have been; or if for a part of the way the cars on which the cattle were being transported were negligently run at a high rate of speed, and thereby the cattle of plaintiff were injured as charged; or if the defendant, after the cattle reached Fort Worth, permitted the cars on which they were loaded to stand on its track, and negligently permitted them to be run against and knocked about by other cars in the manner charged; or if the plaintiff negligently failed to feed and water the cattle for an unreasonable length of time, and thereby the cattle were injured and damaged, then the plaintiff would be entitled to recover of the defendant the damages done "by any or all of the said means, or by any other means that are charged in the plaintiff's petition."

3. The jury were instructed to allow the plaintiff all that he had paid over $65 per car, provided he had contracted at the latter rate.

The second paragraph above set out we are constrained to condemn as erroneous.

1. The record discloses no evidence tending to show that the cars were run at a negligent rate of speed. This issue was thus erroneously injected by the court into the deliberations of the jury. Railway v. Gilmore, 62 Texas, 391; Railway v. Crowder, 63 Texas, 502; Railway v. Harriett, 80 Texas, 73; Railway v. French, 86 Texas, 96.

2. On the existence of the concurrent or alternative causes set out in this paragraph, the jury were instructed to hold the defendant liable for damages suffered on account of "any other means charged in the petition." Thus the jury were free and perhaps understood that they were required to ignore the conditions named in the first paragraph of the charge, and under the second paragraph thereof to attach liability to the defendant for the damages charged to have accrued at Monahans, without regard to whether the verbal prior contract had been made (a controverted issue of fact, as we read the record). So, they were instructed in this second paragraph, and under the conditions named, to find the defendant liable for the $75 charged in the petition to have been unnecessarily incurred as freight for the transportation of the 32 head of the cattle alleged to have died as a result of the defendant's negligence. In fact it is difficult to define the limit of influence which an instruction of this character might have upon the deliberations of a jury, when under averments charging negligence and consequent damage in so many phases so wide a scope is given to these deliberations.

Nor are we able to say, with the appellee's counsel, that the errors pointed out are harmless. The course of the evidence does not justify us in so affirming. We are not apprised of the elements which entered into the assessment of damages by the jury. We have seen that under the second paragraph above set out they might have assessed damages for the delay at Monahans and for the "weak, feverish, reduced and bruised" condition of the cattle (one of the means alleged in the petition), though in fact the jury under the evidence might otherwise have found that defendant would not be liable for that delay. Thus, also, 32 head of the cattle died in the pasture after their arrival at Paoli, and the testimony of the plaintiff indicates that the delay at Monahans contributed to their injury, and to the extent of the injury thus caused the defendant should not be held responsible, unless its negligence caused the delay.

In the assignments of error other than those covered by the foregoing remarks we find no such merit as would require a reversal of the judgment.

On another trial of this cause, we suggest that the court instruct the jury with reference to the proper measure of damages. Railway v. LeGierse, 51 Texas, 189; Railway v. Nixon, 52 Texas, 19. Should the evidence then show, as it now does, that there is a market value in the Indian Territory for cattle of the kind in question, the difference in their market value in the condition in which they arrived at the point.

of destination and in which they would have been but for the negligence, would be the proper measure. Railway v. Stanley, 33 S. W. Rep., 109.

For the reasons stated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*