## T. J. Freeman, Receiver, v. Cruz Mireles.

### Decided April 13, 1910.

**1.—Injury to Minor—Damages—Earnings—Remittitur—Practice on Appeal.**

It was error to charge that plaintiff could recover as damages compensation for time lost by reason of personal injuries, when he was a minor during a part of such time and such wages recoverable by the parent. But the error was not necessarily ground for reversal, and on offer to remit whatever of the recovery could be attributed to such misdirection, the appellate court may reform by deducting all that the jury could properly have found as damages by loss of wages during minority and affirm the recovery as to the remainder, taxing appellee with costs of appeal.

**2.—Master and Servant—Safe Place to Work—Charge.**

A charge that it was the duty of the master to exercise ordinary care to

furnish his servant a safe place to work is held not ground for reversal, following Belton Oil Co. v. Duncan, ante, p. 257.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*S. R. Fisher* and *S. W. Fisher* (King & Morris, of counsel), for appellant.—Master only bound to furnish machinery or appliances that are reasonably safe—master not an insurer. Eddy v. Adams, 18 S. W. Rep., 490; Railway Co. v. Oran, 49 Texas, 345; Railway Co. v. Lyde, 57 Texas, 507; Railway Co. v. McCarthy, 64 Texas, 632; Railway Co. v. Conrad, 62 Texas, 627; Railway Co. v. Bell, 75 Texas, 50; Railway Co. v. Huffman, 83 Texas, 286.

*Will G. Barber,* for appellee.—That there was no error in the charge on master's duty, see: Railway Co. v. Bingle, 91 Texas, 288; Jones v. Shaw, 41 S. W., 693; Railway Co. v. Kirkland, 32 S. W., 591.

KEY, CHIEF JUSTICE.—Being acquiesced in by appellee, we adopt appellant's statement of the nature and result of this suit as follows: "Suit by Cruz Mireles, an employe of T. J. Freeman, receiver of the International & Great Northern Railroad Company, seeking to recover damages for injuries alleged to have been sustained by him while in the service of the receiver as a member of a section gang engaged in operating a hand-car over the line of the I. & G. N., occasioned, it is alleged, by reason of the negligence of the receiver and his servants in furnishing and maintaining a hand-car which was defective, out of order and dangerous.

"Defenses were a plea in abatement, alleging that plaintiff had not the capacity to maintain his suit, he being a minor at the time of the alleged injuries, and at the time of the institution of said suit, and when the case was called for trial; a general demurrer and general denial, and an answer interposing the defenses of contributory negligence and assumed risk.

"It was conclusively established that, although plaintiff was a minor at the time he sustained the injuries complained of, he had on the second day of January, 1909, become of full age and entitled to maintain his suit. Trial before court and jury resulted in a verdict and judgment for plaintiff for $3500. Motion for new trial having been seasonably made and overruled, exception taken and notice of appeal given and the appeal duly perfected, the case is here for revision."

We sustain appellant's contention that the court committed error in its charge in directing the jury to allow the plaintiff compensation for all the time which he may have lost by reason of the injuries complained of, it appearing that he was a minor at the time he was injured. During the time of his minority his parents were entitled to his services, and they alone could maintain an action for loss of such services. However, that error does not require the case to be remanded for another trial, as appellee has offered to remit whatever sum this court may deem necessary to avoid the effect of that error. The plaintiff alleged in his petition that he was injured about the

first day of October, 1908; and it is admitted in one of appellant's assignments of errors that his injuries were sustained at that time, and that he arrived at the age of twenty-one years on or about January 2, 1909. The undisputed testimony sustains appellant's admission, but is more specific. It shows, with reasonable certainty, that the accident which caused the plaintiff's injuries occurred on October 1, 1908, and that the plaintiff reached the age of twenty-one on January 4, 1909. It was also shown by the plaintiff's undisputed testimony that at the time he was injured he was earning $1.50 per day; and there is nothing in the record to indicate that he would have earned more than that amount during the remainder of his minority. From the first day of October, 1908, to the fourth day of January, 1909, inclusive, embraces ninety-six days, which, at $1.50 per day, would amount to $144. This makes no allowance for Sundays, which we have concluded not to deduct, because the record fails to show that the plaintiff would not have worked on Sundays.

In view of the condition of the record $144 is as much as the jury, with any degree of propriety, could have allowed the plaintiff for loss of time during his minority; and, while that fact is not specifically shown by the verdict, which is for the gross sum of $3500, still, we believe that the appeal should be disposed of upon the assumption that the jury regarded their official oaths and did not allow the plaintiff any more for loss of time during his minority than the testimony tended to show he was entitled to. The measure of damages for loss of time, when the testimony renders certain the amount of time lost and the value thereof, leaves no room for the jury to indulge in speculation or estimation, and there is nothing in this case to indicate that the jury pursued the latter course.

All the other assignments, except the last one, complain of other paragraphs of the court's charge and of the refusal of requested instructions. They have been duly considered; are not regarded as tenable, and are overruled.

It was not error to charge that it is the duty of a master to exercise ordinary care to furnish his servant a safe place, etc. (Belton Oil Co. v. Duncan, ante, p. 257, recently decided by this court.)

The last assignment complains of the verdict as excessive, but it is not followed up by any statement of the testimony bearing upon that subject, nor is any such statement made elsewhere in appellant's brief. Hence, we are not required to pass upon that assignment. But, waiving that objection, we find ample testimony to support the verdict, and that assignment is overruled.

Our conclusion is that $144 should be deducted from the amount of the plaintiff's recovery, thereby reducing the same to $3356, and, as thus reformed, the judgment should be affirmed, and the costs of the appeal taxed against appellee, and it is so ordered.

*Reformed and affirmed.*

Writ of error refused.