### NATIONAL BISCUIT CO. v. SCOTT.

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1911.)

1. MASTER AND SERVANT (§ 278*)—INJURY AT PAPER CUTTER — NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action for injury to the operator of a paper cutter caused by the blade unexpectedly falling, evidence *held* insufficient to show that the machine was defective.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.*]

2. TRIAL (§ 252*)—SUBMISSION OF ISSUES.

The propriety of an instruction is determinable by the evidence as well as by the pleadings, so that submission of an issue made by the pleadings, but unsupported by the testimony, is improper.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 252.*]

3. MASTER AND SERVANT (§ 264*)—ISSUES AND PROOF.

An employé suing for injury caused by the unexpected falling of a paper cutter blade, on the theory that the machine was defective, could not recover on the theory of negligence in the sudden and unusual jarring of other machinery, causing the blade to fall.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 264.*]

4. MASTER AND SERVANT (§ 230*) — MINOR EMPLOYÉS—CONTRIBUTORY NEGLIGENCE.

In an action for injury to a 17 year old operator by a paper cutter, caused by the blade unexpectedly falling, it was error to charge that the jury might consider his age and experience on the issue of contributory negligence, where he had been instructed how to operate the machinery, had operated it for two months, and understood its use and dangers.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 230.*]

5. INFANTS (§ 72*) — INJURY TO CHILD — RIGHT TO RECOVER.

Parents being entitled to their minor child's services during his minority, he is not entitled to recover in a personal injury action against his employer for reduced capacity to labor during minority.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 72.*]

Appeal from District Court, Harris County; A. R. Hamblen, Special Judge.

Action by Frank Dunn Scott by W. S. Scott, his next friend, against the National Biscuit Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood and James B. & Charles J. Stubbs, for appellant. O. T. Holt, for appellee.

McKENZIE, J. This suit was instituted September 3, 1909, in the district court of Harris county by Frank Dunn Scott, a minor, by W. S. Scott, his father, as next friend, against the National Biscuit Company to recover damages for injuries received while in the employ of the defendant company on June 1, 1909. In the course of plaintiff's employment, it was his duty to cut paper and cardboard used in packing the products of the defendant company, in the cutting of which he was required to use a paper cutter. The construction of the paper cutter used may be described as consisting of an iron table with an upright frame on top in which frame a horizontal blade or knife was operated by a lever, which lever was raised and lowered by hand. When the lever was raised to a short distance beyond perpendicular, it stood in place and held up the blade or knife from the table, and, when the lever was lowered, the blade or knife would come down at rest on the table. To cut the paper or cardboard the lever was raised, as above indicated, to a point past perpendicular, when it would stand. The paper or cardboard would be put in position for cutting, the lever then pulled down with the hand, forcing the blade or knife through the paper or cardboard. The lever would then be raised to its former position, which would raise the blade or knife. The paper or cardboard cut would

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

be removed or rearranged in position for another cutting. The lever when up past the perpendicular, as above indicated, or when down, was so held in such position by gravity. The lever controlled the position of the blade or knife.

Between the hours of 5 and 6 o'clock in the afternoon of June 1, 1909, the plaintiff was cutting paper, had raised the lever which raised the blade, it staying up, he had adjusted the paper under the blade, had cut the paper, had again raised the lever, and, according to his testimony, it stayed up in such position for a period of 40 seconds or a minute, during which time plaintiff put his hand under the blade to remove the paper, when the lever came down, which brought the blade or knife down upon the table, severing the index finger of plaintiff's left hand between the first and second joints.

The allegations in plaintiff's petition, in substance, are that through the negligence of defendant the paper cutter was not in a safe condition or good working order; that defendant had negligently permitted the blade or knife to become loose in its fastenings to the machine to such an extent that an unusual jar was sufficient to cause the blade or knife to be jarred loose and to fall or to drop upon the table; that the blade or knife was suddenly shaken loose from its position by the sudden and unusual jarring of the running machinery in operation in the factory of the defendant, and before plaintiff could realize the dangerous position he had placed his hand, and before he had time to remove the same, the blade or knife dropped from its then raised position, severing the plaintiff's finger; that it was the duty of the defendant to keep the paper cutter in a safe condition and good working order, which duty the defendant negligently failed to perform, and this, coupled with the unusual jar of the running machinery, was the direct and proximate cause of the plaintiff's injury. Defendant pleaded general demurrer, general denial, and pleaded specially contributory negligence and assumed risk. The case was tried by a jury, and a verdict was found for plaintiff in the sum of $1,975, and judgment was accordingly entered thereon.

[1] Appellant's first and second assignments of error are submitted together as a proposition, and complain of the eighth and twelfth paragraphs of the charge of the court in submitting the issue as to whether or not the paper cutter was kept in a reasonably safe condition, and whether or not the paper cutter was in an unsafe condition, or was in such condition by reason of the negligence of the defendant at the time of the accident, there being no evidence showing, or tending to show, that the paper cutter was not kept in good condition, or that any defect therein contributed to cause the injury or that the paper cutter was in a defective condition. The eighth paragraph of the court's charge is as follows: "You will understand that the defendant is not in law held to be an insurer of the safety of its employés, or a guarantor that its machinery is always in perfect repair; but it rests under obligation to keep its machinery in reasonably safe repair so far as that can be done by the exercise of that measure of care, prudence, and watchfulness which an ordinarily prudent person would have exercised under the same or similar circumstances to avoid injury or accident. A failure to use that measure of care is in law termed 'negligence'; and, if such negligence is the 'proximate cause' of an injury to an employé, the employer is liable." The twelfth paragraph of the court's charge is as follows: "If you believe that the paper cutter was in an unsafe condition, and that it was in said condition by reason of the 'negligence' of the defendant company, or its employés, and that said company knew of said condition or could have known of such condition by the exercise of ordinary care; and further believe that Frank Dunn Scott, the plaintiff, did not know of the unsafe condition of the machine, and could not have known of the same by the exercise of ordinary care, considering his age and the measure of his experience; and further believe that he was injured because the machine was jarred by the operation of other machinery in the factory, and that the blade of said machine was caused to fall upon the hand of plaintiff by reason thereof, and believe the said jarring caused the blade to fall, because the machine was in an unsafe condition by reason of the defendant's 'negligence,' and that as a result of the fall of the blade of such machine the plaintiff lost a portion of his finger, as he alleges, and that but for such unsafe condition of the machine the accident would not have occurred—you will find your verdict for the plaintiff." Upon a careful examination of the record, we fail to find any testimony which tends to show that the paper cutter was out of repair, or was in any manner defective in any of its parts. The testimony, to the contrary, tended to prove that the paper cutter was at the time of the accident in a safe condition and in good working order. Plaintiff testified that he had operated the paper cutter for a period of two months prior to the accident, and it was the first time the blade or knife had fallen except when he pulled same down with his hand.

[2] It is well established that the charge of the court should be based upon issues as made by the pleadings and the testimony produced at the trial, and the propriety of an instruction is to be determined with reference to both the issues as raised by the pleadings and the testimony. It is also established law that an issue may be made by the pleadings, but, if unsupported by any testimony, the court should not submit said issue to the jury. The fair test of the propriety of a charge cannot be whether in

the abstract it is right. It must be taken in view of the testimony of the facts charged on which the jury is required to respond. A charge in the abstract as a mere legal proposition might be perfectly inoperative and harmless. When, however, referred to a certain set of facts and circumstances, it might have a most important and conclusive influence on the jury in forming their verdict. In the case at bar the plaintiff predicates his right to recover upon the defective condition of the paper cutter, which condition he alleged was caused by the carelessness of the defendant, and, coupled with the unusual and sudden jarring of the running machinery, caused the blade or knife of the paper cutter to fall upon his finger. The court's charge puts before the jury this issue which was made by the pleadings, but upon which issue there is an absence of testimony to support it. The charge as given by the court no doubt impressed upon the minds of the jury the idea that there was an issue before them as to whether the appellant had exercised proper care in keeping the paper cutter in a safe condition and good working order, and also because of the condition of the paper cutter or its unsafe condition the accident was brought about, and by giving the charge the jury might have, and probably did, find that in the opinion of the court there was evidence upon which they might determine the issue.

[3] As to whether the testimony is sufficient in this case to raise the issue of negligence by reason of the sudden and unusual jarring of the running machinery, which was testified to by the plaintiff as causing the blade or knife to fall, we are not called upon to decide. The allegations in plaintiff's petition are insufficient to raise the issue of negligence on that account. We therefore hold that the assignment is well taken, and should be sustained. Thompson v. Shannon, 9 Tex. 536; H. & T. C. Ry. Co. v. Gilmore, 62 Tex. 391; Tex. & Pacific Ry. Co. v. Berchfield, 12 Tex. Civ. App. 145, 33 S. W. 1022; G., C. & S. F. Ry. Co. v. Johnson, 91 Tex. 569, 44 S. W. 1067.

The third assignment of error, which complains that the verdict of the jury is unsupported by the evidence, will not be considered by us in view of the fact that the case will be reversed and remanded.

[4] The latter part of the fifth paragraph of the court's charge instructs the jury as follows: "In passing upon the question of negligence upon the part of Frank Dunn Scott, the plaintiff, you will consider same in the light of his age and the measure of his experience." This is complained of in appellant's fourth assignment of error. The undisputed testimony showed the plaintiff to be 17 years of age. He had been instructed in the manner of operation of the machine, had operated the paper cutter for a period of two months, and before his employment by the defendant company he had worked for a var-

nish company, helping make paint, filling barrels, and rolling the barrels around. Also he had previously worked for an oil company, filling cans and rolling barrels around. It was also shown on the trial of the case that he understood the working of the paper cutter, and knew its use and its dangers. We find nothing in the testimony that lends support to the issue that either on account of the character of the paper cutter or the youth or inexperience of the appellee, or of the work that he was doing, that he was not capable of fully understanding and appreciating whatever danger there was in operating the paper cutter. We think that, under the evidence, the court erred in assuming that the appellee lacked experience, or was on account of his age any less capable of the required understanding than an adult. If the evidence had raised the issue as to his being a minor and on account of which he was incapable of understanding the operation of the paper cutter, or on account of his age and inexperience coupled with a lack of proper warning as to the dangers of the paper cutter and because of which he was injured, such issue, if raised by the testimony, should under a proper charge have been submitted to the jury for their determination, and the age of the appellee and the measure of his experience should not be assumed as a matter of fact by the court in instructing the jury. T. & P. Ry. Co. v. Brick, 83 Tex. 598, 20 S. W. 511; St. L. & S. W. Ry. Co. v. Shiflet, 94 Tex. 131, 58 S. W. 945; Gulf Cooperage Co. v. Abernathy, 54 Tex. Civ. App. 137, 116 S. W. 869.

The fifth assignment of error is overruled.

[5] The sixth assignment of error complains of the court's charge upon the proper measure of damages in instructing the jury to find for plaintiff damages for reduced capacity to labor or earn money during his minority. The issue upon which this assignment of error is based was not raised in the motion for a new trial, and we would not consider same here but for the fact that the case will be reversed and remanded. We think it is the well-established law of this state that during appellee's minority his parents are entitled to his services, and they alone could maintain an action for loss of such services. The court should in the trial of the case so frame the charge as to cover this condition. Freeman v. Mireles, 127 S. W. 1162.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

PETICOLAS, C. J. The allegations in plaintiffs' petition are as follows: "The blade was suddenly shaken loose from its position by the sudden and unusual jarring of the running machinery in operation in the factory of defendant. * * * The happening of which accident and its consequential result * * * was the direct and proximate result

of defendant's carelessness and negligence. It was the duty of defendant to have seen that this paper cutter was kept in safe condition and good working order, and that it would not be jarred loose." The charge of the court was on this subject as follows: "If you believe that the paper cutter was in an unsafe condition, and that it was in said condition by reason of the negligence of the defendant company, * * * and further believe that he was injured because the machine was jarred by the operation of other machinery in the factory, * * * and believe that said jarring caused the blade to fall because the machine was in unsafe condition by reason of defendant's negligence, you will find for plaintiffs." There is no testimony in the record tending to show that the paper cutter was defective in any of its parts.

The testimony does tend to show, however, that the paper cutter was so situated with regard to the location of other machinery that the jarring of the other machinery shook the blade down. It is apparent that if the paper cutter having a blade which was sustained in a perpendicular position only by gravity, and not having any catch or other device to sustain the blade in that position, under proper allegations a jury would be authorized in finding that its location with reference to the other machinery was a negligent one, and that such negligence caused the injury in that the jarring of the other machinery shook the blade down. It is also apparent that, if the jarring of the machinery in connection with the defect in the machine caused the blade to fall, such defect might warrant a recovery.

Without determining whether the plaintiffs' allegations were sufficient to allege the location of the machine with reference to the other machinery as negligence, under all the circumstances, it is apparent that the court did not submit the case on such theory. The charge of the court submits the unsafe condition of the machine as negligence, and the combined location of the machine and its defects as negligence. There is no evidence in the record of defects in the machine itself. Therefore the charge of the court on that subject was erroneous. This is assigned as error by appellant, and a special charge was requested on the subject, which is sufficient.

I concur, therefore, in the result reached by my Associates.