TEXAS & N. O. R. CO. v. RICHARDSON et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1912.)

1. TRIAL (§ 251*)—ACTIONS FOR EJECTION—INSTRUCTIONS—CONFORMITY TO PLEADINGS.

In an action by a passenger, wherein the petition alleged that she was wrongfully and negligently put off defendant's train by its servants at a place which was not her destination, and that, in putting her off, defendant's servants acted willfully and maliciously, it is error to submit to the jury. the question whether the defendant's servants were negligent in announcing the name of the station at which the passenger left the train, or in permitting her to leave the train at that point, since this is a material variance from the petition, which imports an affirmative act by defendant's servants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. JUDGMENT (§ 251*) — CONFORMITY TO PLEADINGS AND PROOF.

A judgment cannot be recovered on an issue not raised by the pleadings, although supported by the evidence, but must be supported by both the pleadings and proof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

3. JUDGMENT (§ 251*)—EJECTION—PLEADING.

Judgment for a passenger, in an action wherein the petition alleged that the carrier's servants wrongfully and negligently put her off the train at a place which was not her destination, and in so doing acted willfully and maliciously, cannot stand, where the only cause of action which the evidence tended to prove was the negligence of the carrier's servants in announcing the name of the station at which the passenger left the train, and in .permitting her to leave the train at that point, since this constitutes a material variance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

4. CARRIERS (§ 272*)—DUTIES TOWARDS PASSENGERS—ANNOUNCING STATIONS.

The duty of a carrier of passengers as to giving notice of the arrival of its trains at stations is ordinarily discharged when it has caused the name of the station to be distinctly and audibly announced in each passenger car of the train, and given those desiring to do so reasonable time and opportunity to leave the train.

[Ed. Note.—For other cases, see ·Carriers, Cent. Dig. §§ 1072–1074; Dec. Dig. § 272.*]

5. CARRIERS (§ 272*)—DUTIES TOWARDS PASSENGERS — NEGLIGENCE IN ANNOUNCING STATIONS—LIABILITY.

If a carrier negligently announces, as the station to which a passenger is destined, a different station, and the passenger is thereby misled and induced to alight, or if the carrier negligently permits a passenger to leave the train at a station, knowing that such station is not the destination of the passenger, and knowing or having reason to believe that the passenger thinks such station to be his destination, without informing him of his mistake, it is liable for the damages proximately resulting from such negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1072–1074; Dec. Dig. § 272.*]

Appeal from District Court, Henderson County; B. H. Gardner, Judge.

Action by Adelia Richardson against the Texas & New Orleans Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood and Gossett & Shearon, for appellant. Richardson, Watkins & Richardson, for appellee.

TALBOT, J. This was a suit by Adelia Richardson, a minor, by J. H. Richardson, her father and next friend, against the Texas & New Orleans Railroad Company; plaintiff alleging that on September 15, 1910, desiring to go from Athens, her home, to Dayton, Tex., via Beaumont, she purchased from said railroad company, at the station first named, a ticket to Dayton, for which she paid a valuable consideration; that she left Athens at about 10:25 o'clock a. m. on said date, but that, notwithstanding the obligation of the defendant company to transport her to Beaumont,·the brakeman, auditor, and other employés of said company wrongfully and negligently put her and her baggage off its train at Nona, Tex., a small station some 20 miles from Beaumont,· in the nighttime; that in putting her off the train the defendant's said servants acted willfully and maliciously; that there were no hotels or boarding houses at Nona, and that she was thrown among a number of sawmill hands and rough people without any attendant; that there was a crowd hanging around the depot, who gazed and peered at her, made various and sundry remarks about her, thereby causing her to suffer great fear and uneasiness during the whole night; that no train passed through Nona for Beaumont for 24 hours after her ejection, and that she went by wagon from Nona to Kountze, there taking a train to Beaumont; that the driver of the wagon was intoxicated, and in her presence used profane language; that in consequence

———

she suffered great anguish, lost considerable time, and was compelled to pay additional railroad fare to reach her destination. Damages were laid at the sum of $2,500. Defendant answered by general denial, and further pleaded that if plaintiff got off the train at Nona, instead of Beaumont, it was because of negligence on her part in failing to use ordinary care to inform herself as to the proper place and station to leave the train. A trial before the court and a jury resulted in a verdict and judgment for plaintiff for $250, and the defendant appealed.

[1, 2] After defining "negligence," "ordinary care," "proximate cause," and "contributory negligence," the court instructed the jury as follows: "Now, if you find that in the matter of announcing the station as the train was approaching Nona, or in permitting said plaintiff to leave the train at Nona, the defendant company was guilty of negligence, and that said negligence, if any, was the proximate cause of plaintiff getting off and being left at Nona, then you will find for plaintiff, unless you find against her on the issue of contributory negligence." It is assigned that the court erred in authorizing the jury in this charge to return a verdict in favor of the plaintiff, if the defendant was guilty of negligence, either in the manner of announcing the station as the train approached Nona, or in permitting the plaintiff to leave its train at Nona, because the allegations of the petition did not authorize the submission of either of such issues. This assignment must be sustained. As has been seen, the petition alleged that the defendant's employés wrongfully and negligently put plaintiff and her baggage off the train, and in so doing acted willfully and maliciously. It is nowhere alleged that the defendant's agents in charge of the train negligently announced the station at which the plaintiff alighted as Beaumont, or that either of them, knowing that Nona was not her destination, permitted her to alight at that place. Neither is it alleged that the defendant's servants were guilty of such negligence in the manner in which the station "Nona" was announced as to mislead the plaintiff, and thereby cause her to understand and believe that the station called was Beaumont. These are materially different grounds of negligence from the negligence alleged, namely, that the defendant's employés "wrongfully and negligently put her [plaintiff] off said car at Nona, Texas," and "that in so putting her off said train the defendant's said servants acted willfully and maliciously." The language of the petition, that the employés of the railway company wrongfully and negligently put plaintiff and her baggage off the train at Nona, does not necessarily imply that actual force or violence was used in ejecting plaintiff from the train; but it does import that by some overt or affirmative act on the part of the company's servants in charge of the train the plaintiff was forced to leave the train, or that by some word spoken she was directed or commanded to alight therefrom. It certainly does not, in its ordinary signification or acceptation, convey the idea that the company's servants, "in the matter of announcing the station as the train approached Nona, or in permitting plaintiff to leave the train at Nona, was guilty of negligence which caused the plaintiff to get off the train at that station." The defendant was not, therefore, advised by the plaintiff's pleadings that a recovery was sought on the ground that its servants were guilty of negligence, either in the manner in which the station was announced as its train approached Nona, or in permitting the plaintiff to leave the train at Nona, and the submission of such issues was error, for which the judgment must be reversed. That such issues may have been raised by the evidence did not alone authorize their submission. It required both pleading and evidence to warrant the court in submitting them. It is elementary that the plaintiff must recover on the cause of action alleged, or not at all.

[3] It is further contended by the appellant, and correctly so we think, that the trial court erred in overruling its motion for a new trial, because there was a material variance between the allegations of plaintiff's petition, in relation to the negligence alleged and upon which she based her right of recovery, and the proof offered. As we have shown, the negligence alleged is that defendant's employés wrongfully and negligently put her and her baggage off the train at Nona; and that in so doing they acted willfully and maliciously. The most favorable testimony offered in support of these allegations is that of the plaintiff herself. She testified, in this connection, as follows: "I got off of the train at Nona. The brakeman came to the door of the coach and called out the station, and I was very certain that he said Beaumont, and I got up to leave the coach, and he went out, and was on the ground to assist me down, and he took the check out of my lunch basket and looked at it, and helped me down the steps. I don't know where the auditor was at that time; I did not see him. I was sitting probably three chairs from the door, and that was the door that he halloaed out the station from. This was at night. When the train approached the station of Nona, the brakeman appeared. I was riding in the rear car—what is known as the ladies coach. The brakeman appeared in the front of the door and announced Beaumont, as I understood it; but he didn't come to me personally and make any announcement. He didn't come to me and say: 'This is where you get off.' He made no remark to me personally, but, understanding the announcement of Beaumont, as I did, I proceeded to take my baggage and moved

towards the front of the train; the brakeman having gone ahead, and being there ready to assist persons off the train. That is the way it happened. The brakeman went down ahead of me; but he was there where he could see me when I got up to leave the train. I followed him on down the steps. I had some baggage; I had a suit case and a lunch basket, and I had a handbag, like the one I have here. I had three pieces of baggage in all, and took them with me when I went out. No, sir; the brakeman did not take up my check after I got on the ground, but while I was on the steps. I had started from the platform, and was on the steps, and the check was in the lunch basket when he took it. There was not a word said between me and the brakeman; there was nothing said at all."

It has been well said that the facts constituting the cause of action must be set forth fully and distinctly; and if not proved as laid the foundation of the action fails, and the plaintiff cannot recover. The negligence alleged in this case, and that which the evidence tended to show, if any, were essentially different, and the judgment cannot be allowed to stand. A judgment must be supported by both allegations and proof. The absence of either is fatal. Gammage v. Alexander, 14 Tex. 418; Morris v. Kasling, 79 Tex. 145, 15 S. W. 226, 11 L. R. A. 398; Western Union Telegraph Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40; Telegraph Co. v. Smith, 88 Tex. 9, 30 S. W. 549; Railway Co. v. Berchfield, 12 Tex. Civ. App. 145, 33 S. W. 1022. This disposes of the appeal, and the other assignments need not be considered and discussed.

[4, 5] In this connection, however, we will say, in view of the probability of another trial of this case, that the duty of the carrier of passengers is ordinarily discharged, in respect to giving notice of the arrival of its trains at stations along its line of road, when it has caused the name of the station to be distinctly and audibly announced in each passenger car of the train, and given those desiring to do so reasonable time and *opportunity* to leave the train; and that passengers must exercise ordinary care to avoid the mistake of alighting at the wrong station. If, however, the carrier negligently announces, as the station to which the passenger is destined, another and different station, and through no fault of the passenger he is thereby misled and induced to alight at such wrong station, or, should the carrier negligently permit a passenger to leave the train at a station, knowing that such station was not the destination of the passenger, and knowing, or having good reason to believe, that the passenger believed such station to be his destination, without informing the passenger of the mistake he was making, then the carrier would be liable to such passenger for such actual damages as proximately resulted to him from such negligence.

The judgment is reversed and the cause remanded.