## VITOVSKY v. GALLIA. (No. 129.)

(Court of Civil Appeals of Texas. Waco. Dec. 31, 1924. Rehearing Denied Jan. 29, 1925.)

1. **Joint adventures 🔑5(2)—Plaintiff, having pleaded cause of action for value of automobile used in joint purchase of house, could not recover his share of profits.**

Plaintiff, having pleaded cause of action for value of his automobile used as part of purchase price in joint purchase of real estate by plaintiff and defendant, could not recover his share of profits made on resale of property.

2. **Pleading 🔑387—Plaintiff can recover, if at all, only on cause of action alleged.**

Plaintiff can recover, if at all, only on the cause of action alleged.

3. **Joint adventures 🔑5(2)—Court should have limited amount of recovery to cause of action pleaded.**

In action for value of automobile contributed as part of purchase price of house purchased jointly, and for rents collected by defendant, in which duebill for plaintiff's share of profits was admitted, court should have limited recovery to value of automobile and rents so as to preclude jury from allowing plaintiff amount shown by duebill.

Appeal from Kaufman County Court; W. P. Williams, Judge.

Suit by E. L. Gallia against J. J. Vitovsky. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Terry & Brown, of Kaufman, for appellant.

Wynne & Wynne, of Kaufman, for appellee.

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BARCUS, J.   Appellee filed this suit, alleging that he and appellant were partners in the ownership of a house in Kaufman which had cost them $4,500; that appellant paid $500 in cash; that he, appellee, as part of the consideration for the house had put in an automobile valued at $750, and that they had jointly signed and assumed notes for the balance of the purchase money.  He alleged that they sold the house for $6,000 making a profit of $1,500, and that appellant took all the money and had paid him $750, his half the profit, but had failed to pay him for the automobile which he had put in on the deal, and had failed to pay him half of the $210 rent collected by appellant on the house, for which he asked judgment.

The appellant admitted the purchase and ownership of the house in partnership and the sale thereof for $6,000, but claimed before sale of the house he had purchased from and paid appellee for his interest therein and alleged the automobile had belonged to him and appellee jointly.

Appellee testified that appellant had paid him $750 in payment for the automobile, and that appellant owed him $750, being one-half of the profits, and owed him $105, being one-half of the rents collected.  He testified he had applied the money paid to him on the automobile and that if it was not applied on the automobile and was applied on the profits then appellant would owe him for the automobile; that it was the same "either way you take it."  Appellee offered in evidence the following duebill or note which he claimed appellant signed and delivered to him when the house in question was sold:

"Due E. L. Gallia $750.00, one-half profits on sale of house and lot in Kaufman, Tex. Payable with legal interest after January 1, 1921.

"Dated November 5, 1920.

"[Signed]  J. J. Vitovsky."

The court submitted the case to the jury on two special issues as follows:

"(1) Is the defendant J. J. Vitovsky indebted to plaintiff E. L. Gallia?"  Which the jury answered, "Yes."

"(2) If you answer the first question in the affirmative, then state how much money does the defendant owe the plaintiff."  Which the jury answered, "$855.00."

The defendant requested the court to give the following instruction to the jury:

"You are instructed in this case that the note introduced in evidence as having been executed by J. J. Vitovsky and bearing date November 5, 1920, has not been declared upon in this case, and the jury cannot answer special issue No. 1 in the affirmative as if finding for plaintiff upon the note."

[1, 2] This instruction was refused.  Appellee having brought this suit for the value of the automobile which he claimed to have put it on the purchase of the house in question, would not be entitled in this suit to recover for the profits which were made by the parties in said deal.  The plaintiff can recover, if at all, only on the cause of action alleged.  I. & G. N. Ry. Co. v. Reed (Tex. Civ. App.) 189 S. W. 997; T. & N. O. R. Co. v. Richardson (Tex, Civ. App.) 143 S. W. 722; Schaff v. Perdue (Tex. Civ. App.) 254 S. W. 151.

[3] Appellee in his brief contends that the $750 note or duebill was introduced only for the purpose of impeaching appellant's testimony, and to show as a matter of fact partnership in the house did exist at the time it was sold, appellant having in his testimony denied said partnership, and that he did not ask for judgment on the note.  There was no request other than the above special charge on the part of any of the parties for the court to so limit said testimony.  The court submitted the general issue to the jury as to whether appellant was due appellee any sum.  The special issue submitted by the court should have limited the amount of recovery, if any, due appellee for the automobile and rents.   Under the issues submitted by the court, the jury were authorized to base their verdict on the note or duebill introduced in evidence, and, same not having been sued upon by appellee, could not form the basis of a verdict.  Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398.

The other questions raised will not likely arise on another trial.  For the error indicated, the judgment of the trial court is reversed and the cause is remanded.