**TEXAS EMPLOYERS' INS. ASS'N v. FITZGERALD. (No. 806–4861.)**

Commission of Appeals of Texas, Section B. June 25, 1927.

**1. Trial ⬤═396(2)—Finding on issue as to average weekly wage, not made by pleadings, alleging employee worked about six or seven months before injury, will not support judgment.**

Where pleading in employee's action for injuries alleged that employee at time of injury was engaged for only period of about six or seven months prior thereto, and set out his average weekly wage during such term, there was no basis for special issue submitting average weekly wage, and finding thereon cannot be made basis of judgment, in that it constituted an answer to an issue that was not made by pleadings.

**2. Evidence ⬤═553(4)—Hypothetical questions should be restricted to facts in evidence.**

Hypothetical questions propounded in course of trial should be restricted to facts in evidence.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by E. T. Fitzgerald against the Texas Employers' Insurance Association. Judgment for plaintiff was reformed and affirmed by the Court of Civil Appeals (292 S. W. 925), and defendant brings error. Reversed and remanded for a new trial.

Goggans & Allison, of Breckenridge, and B. O. Baker, of Dallas, for plaintiff in error.

Ritchie & Ranspot, of Mineral Wells, for defendant in error.

POWELL, P. J.   The Court of Civil Appeals states this case admirably.   See 292 S. W. 925.   In order to intelligently discuss what we consider the controlling assignment of error before us, we quote as follows from that opinion:

"The assignments under which proposition 9 is advanced, complaining of the excessiveness of the judgment because not supported by the verdict, are well taken and are sustained.   Evidently the court based the judgment on the answer of the jury to special issue No. 2, wherein the average wage in the same neighborhood, earned by other laborers of the same class with the plaintiff during the year preceding plaintiff's injury, was 'approximately $4.75 per day.' Judgment was evidently arrived at by taking this as a basis for a 7-day week for 400 weeks, using 5 per cent. discount rates.

"For reasons fully set forth in the first part of this opinion, sustaining assignments 36, 38, 44, and 68, this was erroneous, but judgment could and should have been entered for appellee herein on the basis of $25 per 7-day week for 400 weeks, using 5 per cent. discount rate. The answer of the jury to special issue No. 1 furnishes a proper basis for such judgment. There the jury found, in answer to issue No. 1 that the average weekly wage which plaintiff was earning as a pumper, at and prior to the time of his injury, was $25 per week.   A judgment upon this basis is not subject to any just complaint upon the part of appellant.

"Evidently the judgment for $6,715.94 is excessive, and recovery should be calculated upon the basis indicated.   This cause will be affirmed if appellee files in this court within 10 days remittitur of the excess contained in said judgment.   As appellant and appellee have heretofore taken the same data and in their calculations, arrived at diverse amounts proper in such recovery, it seems that the calculations in such cases involve some technical knowledge of the principles applicable in ascertaining the amount due in a recovery upon this character of insurance.   We respectfully suggest that appellant and appellee, within the 10 days indicated, furnish us with a careful and explicit calculation of the proper amount for which this judgment should be rendered upon the basis of $25 per 7-day week for 400 weeks, 5 per cent. discount rate.   If the remittitur is not complied with, the judgment will be reversed and the cause remanded; otherwise, it will be reformed and affirmed, with cost against the appellee."

The suggested remittitur was filed and judgment rendered in favor of Fitzgerald and against the Employers' Insurance Association for $4,890.65, with interest thereon at the rate of 6 per cent. per annum.

The Court of Civil Appeals found that the district court erred in basing its judgment on the jury's answer to special issue No. 2. This, for the reason that "approximately $4.75 per day" was too indefinite to be the basis of a court judgment.   Having so found, however, the appellate court then proceeded to render judgment under the jury's answer to special issue No. 1, the effect of which is accurately stated by the Court of Civil Appeals in our aforesaid quotation from its opinion.

[1] When the basis of the judgment was so changed, the association, on rehearing, complained vigorously because there was no basis in the pleadings for special issue No. 1.   And that same contention is the basis of the first assignment of error in the application upon which the writ was granted.   That assignment, and its proposition, read as follows:

"First Assignment.

"The Court of Civil Appeals erred in holding that, notwithstanding the fact that the jury's answer to special issue No. 2 herein, to the effect that working in the same or neighboring places the average wage earned by other laborers of the same class with plaintiff during the year preceding his injury was 'approximately $4.75 per day,' was too vague, indefinite, irresponsive, and uncertain to sustain a judgment based thereon, still its answer to special issue No. 1 would support a judgment in favor of appellee against appellant on the basis of $25 per 7-day week for 400 weeks, using 5 per cent discount rate, because the pleadings of the appellee in the trial court herein not only do not support such a recovery, but even negative his right thereto. (Presented as paragraph 1 of appellant's motion for rehearing in the Court of Civil Appeals.)

"Proposition.

"A judgment cannot be based upon an answer to an issue, where such issue is not made by the pleadings."

The wage set up in the pleading as the basis of the prayer therein reads as follows:

"Fifth. Plaintiff further shows that he had been engaged at work in the employment in which he was engaged at the time of his said injuries *for a period of about six or seven months, only, prior to the time of such injuries;* that his average weekly wage for such time was the sum of $30 per week, working 7 days per week, the nature of the work at which he was so engaged requiring work on Sundays, as well as on week days; and that his said wages were at the rate of approximately $1,600 per year.

"Plaintiff further alleges that the average daily wage of employees of the same class with plaintiff at and prior to the time of his said injuries, engaged in the same employment and in the same and neighboring places, was the sum of $35 per week, for 7 days' work per week, such employment requiring 7 days per week work as aforesaid, and that the average annual wages of such employes of the same class with the plaintiff, and working in the same place and in neighboring places, was the sum of $1,800 per year, and that, *by reason of the fact that plaintiff at the time of his said injuries had not been engaged in his said employment for substantially the whole of the year immediately preceding such injuries, his average weekly and his average annual wages and his compensation should be based upon the wages of other employes of the same class who* had worked substantially the whole of the preceding year in the same place and in neighboring places." (Italics ours.)

In view of this pleading, which is the only part thereof setting up the basis of the judgment prayed for, we think this assignment must be sustained.

The plaintiff in error, in the application, expresses our reasons for sustaining this assignment, which reasons are as follows:

"In the case of Morris v. McSpadden et al., 179 S. W. 554, writ refused, the case was submitted on special issues as here. There judgment was entered upon the findings of the special issues, as was the case here. In that case there was no allegation as to a certain matter, and the court said the issue submitted by No. 10 was immaterial; and here we say there was no allegation about plaintiff having worked substantially a year, and therefore special issue No. 1 became immaterial. There the court said the issue must respond to the pleading. Here the pleading was that plaintiff had worked less than a year, but issue No. 1 (on which the Court of Civil Appeals rendered judgment) related to cases where the injured party had worked substantially a year. There the Court of Civil Appeals said (page 555, second column, near bottom):

"'The issue found by the jury must or should respond to the issues presented by the pleadings, and, if they do not so respond, the issues so found should be regarded as immaterial, and should not be considered in rendering the judgment. Ætna Accident & Liability Co. v. White (Tex. Civ. App.) 177 S. W. 162; Krenz v. Strohmeir (Tex. Civ. App:) 177 S. W. 178.'

"In the case of Texas & N. O. R. Co. v. Richardson et al., 143 S. W. 722, the court held that a judgment could not be recovered on an issue not raised by the pleadings, while in the case at bar the Court of Civil Appeals has allowed a recovery under special issue No. 1 (which related to employees who had been employed ·substantially a year), which issue was not raised by the pleadings. In that case the Court of Civil Appeals said (page 723, second column, near top):

"'That such issues may have been raised by the evidence did not alone authorize their submission. It required both pleading and evidence to warrant the court in submitting them. It is elementary that the plaintiff must recover on the cause of action alleged, or not at all.'

"And again at page 724, first column, near top, the court said:

"'It has been well said that the facts constituting the cause of action must be set forth fully and distinctly; and if not proved as laid the foundation of the action fails, and the plaintiff cannot recover. The negligence alleged in this case, and that which the evidence tended to show, if any, were essentially different, and the judgment cannot be allowed to stand. A judgment must be supported by both allegations and proof. The absence of either is fatal. Gammage v. Alexander, 14 Tex. 418; Morris v. Kasling, 79 Tex. 145, 15 S. W. 226, 11 L. R. A. 398; Western Union Telegraph Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40; Telegraph Co. v. Smith, 88 Tex. 9 [28 S. W. 931] 30 S. W. 549; Railway Co. v. Berchfield, 12 Tex. Civ. App. 145, 33 S. W. 1022.'

"In the case at bar the judgment is based upon the answer to special issue No. 1, but there being no pleading to support such issue, the judgment fails.

"The case of Texas Employers' Ins. Ass'n v. Bateman (Tex.Civ.App.) 252 S. W. 339, 341, first column, paragraph numbered 4, is in point here. In that case plaintiff had worked less than substantially a year, as was the case here. There the court submitted an issue as to plaintiff's average daily wage during substantially the whole of the year immediately preceding, which was unsupported by any evidence, while here the court, submitted issue No. 1 (which related to instances where the employee had been working substantially a year), which issue was unsupported by any pleading. There the court said a judgment could not be based upon such issue, and here we say the judgment cannot be based upon issue No. 1. There the court said:

"'There was no basis whatever for the submission of the special issue as to what was the average daily wage of appellee during substantially the whole of the year immediately preceding March 7, 1920, and the answer given by the jury is wholly without any support whatever in the evidence. The issue being without basis, a judgment could not be rested upon it, and appellant cannot complain because the judgment ignores it."

Therefore it is clear that this case must be reversed for a new trial. The Court of Civil Appeals itself said that special issue No. 2 could not become the basis of a judgment; and, in our view, special issue No. 1 would not serve in that capacity because not pleaded.

Since the case must be remanded anyway, we shall not pass upon the assignment which asks for a reversal because of improper argument of counsel for Fitzgerald. We would merely admonish counsel on both sides to stay within the record on the next trial. It is always regrettable to be called upon to reverse a case *solely* because of prejudicial conduct of the lawyers themselves.

[2] Nor do we pass upon assignment No. 8 in the application, *alleging* error because the court permitted Dr. Evans to testify relative to a hypothetical question not raised by the evidence. The Court of Civil Appeals says this ruling did not present. *reversible* error. We are recommending a remand of the case anyway and we hope this question will not arise upon another trial. Hypothetical questions should be restricted to the facts in evidence; otherwise, they will be misleading and confusing and therefore prejudicial.

We overrule the other assignments in the application. The Court of Civil Appeals has discussed most of them and we think that court has correctly disposed of those which it has expressly reviewed.

For the one reason stated, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former for a new trial not inconsistent herewith.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district

court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.