## CAMERON v. GUFFEY. (No. 393.)

Court of Civil Appeals of Texas. Eastland. Jan. 20, 1928.

1. **Mines and minerals** ⬉101—**Allegation of joint adventure to acquire 100-acre mineral lease held not at variance with proof of defendant's joint acquisition of 140-acre lease.**

In suit to recover alleged profits due under a joint adventure to acquire mineral lease, allegation of agreement to acquire jointly 100 acres *held* not at variance with proof showing a joint acquisition between defendant and other parties to the exclusion of plaintiff of 140 acres; the gravamen of complaint being a breach by defendant of his agreement.

2. **Mines and minerals** ⬉101 — **Defendant, breaching joint adventure to purchase mineral lease, held properly required to divide profits on purchase of lease with others.**

In suit to recover alleged profits due under joint adventure to purchase a mineral lease consisting of 100 acres of land, allowance of one-half of profits received by defendant on purchase of lease jointly with others, to exclusion of plaintiff, *held* not erroneous though lease acquired consisted of 140 acres, since whatever acreage was received by defendant must be construed to have been acquired under contract with plaintiff.

Appeal from District Court, Taylor County; W. R. Chapman, Judge.

Suit by Ira L. Guffey against G. C. Cameron and another. Judgment for plaintiff, and defendant named appeals. Affirmed.

Stinson Hair & Brooks, of Abilene, for appellant.

H. L. De Busk, of Abilene, for appellee.

PANNILL, C. J. This suit was brought by appellee to recover alleged profits due him under a joint adventure with appellant. He joined W. R. Hedrick as defendant. There were two propositions relied on for reversal, and these raise the questions as to the sufficiency of the pleadings to support the judgment under the evidence introduced, and therefore a brief résumé of both the plaintiff's petition and the evidence introduced will be required. In substance, the averments are: That plaintiff and defendant entered into an

agreement to jointly acquire an oil and gas lease on a certain 100 acres of land, owned by one Wall, for $10 per acre. That appellee paid his part of the consideration to appellant in the form of a check upon appellant's assurance that he had made arrangements to have the lease to the 100 acres executed. That thereafter, without appellee's consent, the lease was executed by Wall in the name of W. R. Hedrick, and that Hedrick also acquired an additional 40 acres from Wall. That later Hedrick sold the entire 140-acre lease with knowledge of the agreement between appellant and appellee. That appellee was entitled to one-half of the profits realized out of the 100 acres, and that this sum amounted to $2,125.

There was a trial before the court without a jury and judgment was rendered for appellee against appellant in the sum of $988.25, and discharging Hedrick. Appellant alone has appealed. The testimony, in substance, of appellee is: That he agreed with appellant to acquire 100-acre mineral lease from Wall, each to contribute one-half of the purchase money and to share equally in the profits of the transaction. That he gave appellant his check for $500, which was his one-half, and went to the vicinity of the land for the purpose of seeing the owner, Wall. That appellant went to the bank where Hedrick was cashier and went in the bank, leaving appellee outside, and later he joined appellee and told him that he had made arrangements with Hedrick to have Wall execute the lease for $1,000, and that appellant suggested the parties return home. That in a few days appellant came to him and returned the check, or offered to return the same, and informed him that he was unable to procure an interest in the lease for appellee. It is further shown that Hedrick did procure a lease from Wall for 140 acres, which was taken in Hedrick's name, but at the time Hedrick agreed that he held the lease in trust, one-third interest to himself and one-third interest each for appellant and his brother, and that appellant paid the entire consideration for the interest to himself and to his brother, in the sum of $957. That the lease was sold, and out of the proceeds of the sale Hedrick received $2,450, G. C. Cameron $2,923.50, and D. E. Cameron $1,976.50.

The court awarded appellee one-half of the amount received by appellant G. C. Cameron, less the entire amount paid by him for the interest of himself and his brother.

We are unable to detect in the pleadings and evidence any variance, as insisted by appellant. We are unable to conclude that the case of Vitovsky v. Gallia (Tex. Civ. App.) 268 S. W. 1026, bears any analogy to the case at bar. In that case the appellee sued for the price of an automobile, which he alleged he had delivered to the appellant, and on the trial admitted that he had been paid for the automobile, but that nevertheless the appellant owed him the said amount as profits due in a joint transaction between them. The court correctly held that he could not recover profits on a transaction in real estate in a suit for the purchase price of an automobile.

[1] Appellant is of the opinion that because appellee alleged he agreed to acquire jointly the 100 acres, and because the proof shows a joint acquisition between appellant and other parties to the exclusion of appellant of 140 acres, this constitutes a variance. We are unable to agree to this insistence. The gravamen of appellee's complaint was a breach by appellant of his agreement. The assignments presenting the questions of variance are overruled.

[2] It is next claimed that appellee, if entitled to recover at all, could only recover one-half of the net profits which accrue on one-third of the 100 acres, because appellant never acquired the 100 acres. It will be noted that the 100 acres and 40 acres were all included in one lease. Certainly, appellant was entitled to recover one-half of the profits which appellant made out of the transaction up to and including one-half of the profits on the 100 acres. Appellant's interest was an undivided one in the whole 140 acres. He had contracted with appellee to take this lease on 100 acres of land jointly in their behalf. Whatever acreage he did get out of the whole matter must be construed, as was done by the trial court, to have been acquired under the contract between appellant and appellee, and this is on the assumption that appellant got as much as he was able to get. The court might have concluded that appellant could have acquired the interest which was taken in the name of his brother, and if he had, appellee's judgment should have been very much greater. On the other hand, the trial court allowed appellant to deduct from the profit which he realized the entire amount for both his and his brother's interest. The judgment clearly demonstrates to our minds that the trial court sustained all of the appellant's contentions which, in good conscience, could have been allowed, and that, therefore, he has no cause for complaint.

The judgment of the trial court is therefore affirmed.