### THE TEXAS & PACIFIC R'Y CO. V. DAMUSE MORIN.

(Case No. 5351.)

1. CONTRIBUTORY NEGLIGENCE—CHARGE—See facts for charge on the question of negligence held fair and not calculated to mislead.

2. INJURY TO MINOR—ACTION BY PARENT—MEASURE OF DAMAGES—The damages recoverable by a parent for injuries to a minor child, *not resulting in death*, are not restricted to the value of the services of the child during its minority, less the expense of feeding and clothing it.

3. SAME—FORMER JUDGMENT IN FAVOR OF MINOR—If the minor has improperly recovered damages, in its own favor, for its reduced capacity to earn money during minority, such judgment cannot affect the parent's right to recover damages in another action, on the same ground.

4. EXCESSIVE DAMAGES—JURY—CHARGE OF THE COURT—It is the duty of a jury to be governed by the charge of the court as to what matters may be considered in assessing damages. See opinion for damages held excessive.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

Appellee brought this suit June 17, 1882, alleging substantially that plaintiff's child, Charles Morin, then only about thirty months old, casually, and without the fault of plaintiff or his wife, strayed in and upon the defendant's railroad and grounds occupied by it in Tarrant county, near the plaintiff's residence. That defendant, by its agents and servants negligently running and operating its cars and locomotives, on May 23, 1882, ran over plaintiff's child and cut off the right leg and foot, and crushed and bruised the left leg so that it had to be amputated; that the engine and cars threw the child against certain stones and cross ties in a violent manner, thereby breaking his shoulder-blade and thus rendering him a cripple for life, making him helpless and entirely dependent on plaintiff for support, care and attention during his natural life, to plaintiff's damage $10,000. That by reason of the injuries, plaintiff would be deprived of the services of his son while a minor, reasonably worth $3,500. That plaintiff incurred expenses for medical and surgical attention, amounting to $1,500. That he neces-

sarily expended for medicines $1,500, and the care and attention of himself and wife was worth $1,000.

That defendant's agents and servants were running the engine and cars with great speed, to wit, twenty-five miles per hour, and failed to keep a reasonable and proper look-out; and had they done so, they could have seen plaintiff's child and avoided the injury.

Defendant answered by demurrer, general denial, and by special plea: "That if plaintiff's son was injured by defendant's train of cars, the same resulted from the negligence of plaintiff and his wife in allowing their son to be on defendant's railroad track."

Verdict and judgment were rendered in favor of plaintiff for $7,950. The first assignment of error was as follows:

The court erred in charging the jury: "If there was no negligence on the part of plaintiff and his wife, as charged by the defendant, such negligence cannot be presumed, but must be shown by facts and circumstances; or, in other words, to establish a cause of action or a defense founded on a charge of negligence, negligence must be shown or proven."

The paragraph of which this charge was part, was:

"If, in this case, there was negligence on the part of defendant's agents, as charged by the plaintiff, or if there was negligence on the part of plaintiff and his wife, as charged by the defendant, such negligence cannot be presumed, but must be shown by facts and circumstances; or, in other words, in order to establish a cause of action or a defense founded on a charge of negligence, negligence must be shown or proven; negligence or no negligence are questions of fact which you are to determine from all the facts and circumstances of this case in evidence before you. If it be true, as alleged by plaintiff, that he has been wronged by the defendant through the negligence of its agents, without any fault on the part of plaintiff and his wife, then the law is, the plaintiff should recover; but the law further is that if the child was too young to appreciate danger, and was under the care and management of plaintiff and his wife, etc., then it devolves on plaintiff to show and satisfy your minds by testimony, either that he and his wife were not guilty of ordinary negligence in allowing the child to get on the railroad track, or that defendant's agents, after discovering the child on the track, inflicted the injuries on the child recklessly and wantonly, and without ordinary care and diligence, etc."

*Davis, Beall & Rogers*, for appellant, on measure of damages, cited: Railway Company *v.* Freeman, 4 Am. and Eng R'y Cases, 612; 36 Ark., 41.

On excessive damages, they cited: Railway Company *v.* Cowser and wife, 57 Tex., 293; Spicer *v.* Railway Company, 29 Wis., 580; Railway Company *v.* Tindal, 13 Ind., 366; Tilley *v.* Railway Company, 29 N. Y., 252; David *v.* Railway Company, 41 Ga., 223; Dalton *v.* Railway Company, 4 C. B., (N. S.) 296: Condon *v.* Railway Company, 16 Irish L. R., 415.

*Templeton, Wynne & Carter* and *Furman & Stedman,* for appellees, cited: 5 Wait's Acts. and Def., 46; Railway Company *v.* Fielding, 48 Penn., 320; Lindsey *v.* Danville, 46 Vt., 144.

STAYTON, ASSOCIATE JUSTICE.—The charge complained of in the first assignment, taken in connection with the whole paragraph of which it is a part, is not subject to the objections urged. Upon the burden of proof the charge was fair and not calculated to mislead a jury. It is urged in the second assignment that the true measure of damages in an action by a parent for an injury to a minor child is: "The value of the services of the child during its minority, less the expense of feeding and clothing it." This has been held to be the true measure in actions for injuries to minors, resulting in death, brought under the statutes authorizing actions for such injuries to be maintained by parents, but no such measure of damages can be applied in cases like this, for the simple reason that the expenses of feeding and clothing the minor during its minority devolve upon the parent, and are in no way diminished by the fact that the minor, from the injury, becomes a cripple. The expense in such case may be greatly increased.

It is further urged, under this assignment, that the court ought not to have permitted the appellee to recover for the reduced capacity of the child to earn money during its minority, for the reason that the minor had recovered a judgment in its own favor in another action, on this same ground, for damages. There is nothing in the record before us to show that the father had emancipated the child, and that, therefore, such a recovery by the child was proper—a matter almost, if not quite, impossible in the case of a child only thirty months old. If an improper judgment has been rendered in another case, that is no reason why the judgment in this should be reversed. The appellant would have its remedy in the case in which the error was committed.

The fifth assignment is based on the action of the court in overruling the motion for a new trial, based on the ground of the insufficiency of the evidence to show negligence on the part of the servants of the appellant, and upon the sufficiency of the evidence to show contributory negligence on the part of the father. The question of negligence

was for the jury, and it requires a clear case of insufficiency in the evidence to authorize this court to set aside a verdict upon this issue. In view of the disposition which will have to be made of the case on another point, the evidence bearing on the question of negligence will not be considered.

The sixth assignment urges that the court erred in overruling the motion for a new trial, based on the ground that the damages given were excessive. The specific damages alleged to have been sustained by the appellee were as follows:

| | |
|---|---:|
| Loss of services during child's minority | $3,500 |
| Medical attention | 1,500 |
| Medicines | 1,500 |
| Services of self and wife | 1,000 |
| | $7,500 |

The court instructed the jury as follows: "If you find any damages for the plaintiff you may, if the proof warrants. allow him a just and reasonable compensation for expenses incurred by him for necessary medicines, medical and surgical attentions in the curing of the child, and also just compensation for necessary nursing and attention to the child until it was cured; and, also, reasonable, just and proper compensation for such services of the child, if any, as the plaintiff will probably be deprived of by reason of the child's inability, if any, to labor for him and to do his bidding, before it reaches the age of twenty-one years."

The proof as to the value of the services of the child during its minority does not show that they would be of as great value as claimed in the petition. The proof as to medical bills was that the bills would reasonably amount to $750, and that medicines cost about $25.00. There was no definite proof as to the value of the services of the plaintiff and his wife during the time they were necessarily in attendance on the child during his illness, resulting from the wounds; nor was the evidence introduced upon this point such as to justify the belief that their services during that time were of value equal to the sum claimed in the petition for the services.

Under this evidence a verdict and judgment were rendered in favor of the plaintiff for $7,950. This verdict seems to us excessive, and could not have been reached by the jury from the evidence before them, if they considered only such elements of damages as the charge of the court authorized them to consider.

It is the duty of a jury to be governed by the charge of the court as to what matters may be considered in assessing damages. It was not

necessary for the plaintiff to itemize his claim for damages, but he did so, and we see that the verdict exceeds his own estimate of the aggregate of damages on the enumerated items, all of which the court informed the jury they might consider, while his own evidence, that most favorable to him, does not place the damages so high as the estimate alleged in his pleading. These things but evidence the fact that the jury must have been influenced by some consideration other than a calm and fair consideration of the evidence under the charge of the court.

They must have disregarded the evidence, or considered grounds for damages which the charge of the court did not authorize them to consider.

The entire damages were laid at $10,000, but as grounds therefor some matters were alleged which would be ground for damages in favor of the injured child, but not for damages in favor of the father, without the averment of facts other than such as were alleged. How far the jury may have taken such, or wholly irrelevant matters into consideration in making up their verdict, we cannot know. There may have been some things which might be considered in cases of this kind which the charge did not authorize the jury to consider; whether considered, we cannot ascertain.

Recognizing the impossibility of making such exact proof of damages in this class of cases, as in some other classes of cases may be made, yet, in view of the plaintiff's own estimate of damages sustained by him on the grounds submitted to the jury, and in view of the fact that his own evidence does not show damages equal to those alleged, we are constrained to hold that the court erred in refusing to grant a new trial on the ground that the damages were excessive. The judgment will therefore be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 27, 1886.]

[Associate Justice Robertson did not sit in this case ]