## JOHN KROEGER v. TEXAS & PACIFIC RAILWAY COMPANY.

### Decided June 20, 1902.

**1.—Contributory Negligence—Charge—Reiteration.**

Where in an action against a railway company for personal injury the charge of court reiterates the principles of law applicable to the issue of contributory negligence in such manner as to give it undue prominence, it is error and on the weight of evidence.

**2.—Same—Discovered Peril.**

Although plaintiff, who was injured by a train while walking on the railroad track, was intoxicated at the time and guilty of contributory negligence, the defendant company was liable for the injury unless its servants, after discovering plaintiff's peril, used every reasonable means to prevent the injury sustained consistent with the safety of the train.

**3.—Same—Trespasser on Track.**

Where it was not controverted that the track along which plaintiff was walking when struck by the train was commonly used by the public with the

knowledge and consent of the railway company as a public highway, it was error to charge that he was a trespasser unless the evidence showed that he used that portion of the track which was suitable and safest for pedestrians, as this was in effect stating that a pedestrian walking between the rails was guilty of contributory negligence.

**4.—Same—Burden of Proof.**

Where the action is for personal injury in being run over by a train while walking on the railroad tracks, plaintiff has not the burden of proving by a preponderance of the evidence that he was not guilty of contributory negligence.

**5.—Same—Discovered Peril.**

The defendant company was liable for running over plaintiff on its track when he was not a trespasser, nor guilty of contributory negligence, if its servants were negligent in running the train at an unlawful speed, or in failing to keep a proper lookout, and such negligence caused the injury, even though the trainmen, after discovering his peril, used every reasonable means to prevent the injury.

Appeal from the District Court of Gregg County. Tried below before Hon. J. F. Smith.

*Judson H. McHaney, J. M. Huffington,* and *G. B. Turner,* for appellant.

*Duncan & Jones,* for appellee.

PLEASANTS, Associate Justice.—This is a suit to recover damages for injuries alleged to have been caused by the negligence of the appellee. Appellant while walking along appellee's track in the town of Longview was struck by one of its engines drawing a train which was passing through said town, and thereby received the injuries complained of in his petition. The portion of appellee's track along which appellant was walking at the time he was struck was commonly used by the public as a highway, with the knowledge and consent of the appellee. Appellant's statement as to the manner in which the accident occurred is as follows:

"When I was just below the trestle, just opposite the old laundry, I heard a train coming at a very rapid rate of speed, and in my fright I suddenly turned my head and saw it. I saw the light and heard the train. It was running fifteen or twenty miles an hour; not less than fifteen miles. I have run a locomotive engine as engineer, and I knew well the speed the train was making. I railroaded myself; I ran a locomotive six years. The train was 250 or 300 feet from me when I first saw it. When I saw the train I suddenly turned and made a quick step to get out of the way of the train, and fell with my head and arms inside of the track, left side on the rail; I moved my back towards the engine, and I moved quickly and tried to get out and off the rail to the right towards the south, and I made a quick effort to get out of the way of the engine. I was not struck by the cowcatcher, but some timber on the side of the engine or part of the engine. If that train had been running six miles an hour I never would have been struck and injured,

as I would have had time, if the train had only given me another second or two, to have been out of the way. I do not think that the speed of the train was checked from the time I first saw it and fell, until I was struck. I was listening to it all the time, and was frightened and was doing all I could to get out of the way."

The town of Longview had an ordinance in force which forbids the running of trains through said town at a greater rate of speed than six miles an hour. The evidence is conflicting as to the rate of speed at which the train was moving when it struck appellant, and there is also evidence which tends to show that appellant was intoxicated at the time of the accident, and that his fall upon the track may have been due to his being under the influence of liquor. The engineer testified that when he first saw appellant he was about 400 feet from him; that he did not know what the object was when he first saw it upon the track, and did not discover it was a man until he was within seventy feet of him, and he then did everything in his power to stop the train. None of the other operatives of the train seem to have seen appellant before he was struck. The petition alleges that appellee's employes were negligent in not keeping a proper lookout, in not giving signals as required by law, in failing to use proper care to stop the train after they discovered appellant's peril, and in running the train at a reckless and unlawful speed through the town of Longview. Appellee's answer contains general and special exceptions, general denial, and plea of contributory negligence, in which it is averred that appellant's injury was occasioned by his own negligence in going upon appellee's track in a state of intoxication and lying down upon the track and failing to leave same upon the approach of the train. The trial of the cause by a jury in the court below resulted in a verdict and judgment in favor of appellee.

We shall not consider the various assignments of error categorically, nor in detail, but will in a general way point out the errors which in our opinion require a reversal of the judgment, and for the guidance of the court below upon another trial will state the general principles of law applicable to the case as made by the pleadings and evidence.

At the request of appellee the trial court gave the jury the following instruction: "If a person go upon a railroad track in a state of intoxication and sits down upon the track and goes to sleep and is struck by a train, then the railroad company would not be liable, unless after the servants of defendant saw his peril they took no steps to avoid the accident, but if they did not see him in time to avoid the accident the railroad company would not be liable."

The court had in several previous paragraphs of his charge told the jury that if appellant was intoxicated at the time of the accident, and his intoxicated condition contributed to his injury, he could not recover unless the evidence showed that appellee's employes after they discovered appellant's perilous position failed to use proper care to prevent the injury. Appellee was entitled to have the issue of contributory

negligence growing out of the alleged intoxication of appellant fully presented to the jury, but the court should not by giving repeated charges upon said issue have emphasized its importance and given it undue prominence. The practice of repeating and reiterating in a charge the principle of law applicable to any particular issue in a case has been uniformly condemned, because it is likely to lead the jury to believe that in the opinion of the court the evidence in the case establishes facts which require the application of the proposition of law thus sought to be impressed upon their minds, and the spirit if not the letter of the statute which forbids the court to charge upon the weight of the evidence is thus violated. Powell v. Messer, 18 Texas, 401; Traylor v. Townsend, 61 Texas, 144; Hays v. Hays, 66 Texas, 607; Cross v. Kennedy, 3 Texas Ct. Rep., 919.

The charge quoted is further erroneous in that it does not correctly state the measure of the duty of appellee's employes after they discovered appellant's danger. Under this charge, if the operatives of the train took any steps to prevent the injury after they discovered the peril of appellant, appellee would not be liable. The law required them to use every reasonable means in their power consistent with the safety of the train to prevent the injury after they discovered appellee's peril, and the jury should not have been told that the appellee would only be liable in case the servants "took no steps to avoid the accident." Railway v. Jacobson, 4 Texas Ct. Rep., 126; Railway v. Watkins, 88 Texas, 24; Railway v. Breadow, 90 Texas, 27.

The court also gave the jury the following instruction: "Gentlemen of the jury, you are further charged that although you may believe from the evidence that the defendant's road from Longview Junction to Longview was and had been for some years habitually used by pedestrians going to and from Longview and the junction; and if you further believe from the evidence that defendant's roadbed is wide enough so as to leave sufficient room, in good condition for walking, outside of the edge of the ties so that pedestrians might pass trains in safety, then you are charged that it is the duty of such pedestrians to use such space, and they would be trespassers in walking down the track and between the rails; and if you believe that the plaintiff was walking, and fell or laid down on the track, between Longview station and Longview Junction, then you are charged that the railway company's employes owed him no further duty than to use all means to stop the train after they saw his peril, and that he would not leave the track; and if you believe from the evidence that plaintiff's condition and position on the track was caused by his drinking or being drunk, then defendant would not be liable for his injuries unless the engineer and servants in charge of the engine willfully and maliciously ran the train over him after discovering his peril."

The undisputed evidence shows, and it was admitted by appellee upon the trial, that the portion of the track along which appellant was walking when the accident occurred was commonly used by the public with

the knowledge and consent of appellee as a public highway, and it was error for the court to instruct the jury that appellant should be regarded as a trespasser unless the evidence showed that he used that portion of the track which was suitable and safest for pedestrians. The evidence and the admission of appellee as to the use of the track by the public was not restricted to any particular portion of the roadbed, and conceding that the evidence raised the issue of negligence on appellant's part in walking between the rails, the jury should not have been told that it was appellant's duty to have walked on the outside of the rails if the roadbed was wide enough to leave sufficient room in good condition for walking outside the ties, for this was in effect telling them that he would, as a matter of law, be guilty of contributory negligence in walking down the center of the track between the rails. As before stated, the law required the operatives of the train to use every reasonable means in their power consistent with the safety of the train to prevent the injury to appellant after they discovered his peril, and it was manifestly erroneous for the court to tell the jury in this charge, as he did in several others given at the request of the appellee, that if appellant's "condition and position on the track was caused by his drinking and being drunk, the defendant would not be liable for his injuries unless the engineer and servants in charge of the engine willfully and maliciously ran over him after discovering his peril." Ordinary care under circumstances of this kind would impose upon the operatives of the train the duty to make every reasonable effort to prevent the injury, while this charge only requires them to refrain from willfully and maliciously causing the injury. Such a doctrine is unsupported by authority and is abhorrent and shocking to the enlightened conscience. The common law rule that owners of premises owe no further duty to trespassers than to refrain from willfully injuring them applies only to the duty of the owner in regard to the safe condition of the premises, and can not be extended to protect persons who, seeing the immediate peril in which a fellow being is placed by any act of theirs, however innocent and lawful in itself, negligently fail to make every reasonable effort to prevent the threatened injury. The court should not have instructed the jury that appellee would not be liable if the appellant went upon and voluntarily lay down on the track and thereby contributed to his injury, because no such issue was raised by any evidence in the case.

It was manifest error for the court to charge the jury that the burden of proof was upon the appellant to show by a preponderance of the evidence that he was not guilty of contributory negligence. Railway v. Shieder, 88 Texas, 152.

If appellant was not a trespasser upon appellee's track and was not guilty of contributory negligence in failing to leave the track when he saw the train approaching, and appellee's employes were negligent in running the train at an unlawful rate of speed or in failing to keep a proper lookout to discover appellee, and such negligence caused the

injury, appellee would be liable therefor, notwithstanding the operatives of the train may have used every reasonable effort to stop the train after they discovered appellant's peril. Railway v. Hewitt, 67 Texas, 479; Railway v. Matthews, 4 Texas Ct. Rep., 152.

If the appellant was guilty of contributory negligence in going upon the track in a state of intoxication, and by reason of such condition he fell upon the track and was unable to leave same before he was struck by the train, appellee would not be liable for the injury unless the operatives of the train failed to use proper care to stop the train after they discovered appellant's peril. If after the discovery of appellant's peril the operatives of the train failed to use every reasonable means in their power consistent with the safety of the train to prevent the injury, appellee would be liable therefor, notwithstanding the fact that the injury would not have occurred but for the negligence of the appellant in going upon the track in an intoxicated condition. In such case the negligence of the appellant would only be regarded as remotely contributing to the injury, the direct and proximate cause of the injury being the negligence of the employes in failing to stop the train. Railway v. Shank, 25 S. W. Rep., 297.

Upon another trial of the case these principles of law should control the court in his instructions to the jury. For errors in the charge of the court before indicated, the judgment of the court below is reversed and this cause remanded for a new trial.

*Reversed and remanded.*