GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
FANNIE CONDRA.

Decided October 13, 1904.

**Charge—Degree of Proof—Contributory Negligence.**
Where contributory negligence on the part of plaintiff in failing to
properly treat her injuries is pleaded in defense of an action for damages
therefor, and the evidence raises the issue, a charge requiring the defendant
to prove such want of care "to the satisfaction of the jury," was reversible
error, it exacting too high a degree of proof.

Appeal from the County Court of Burleson. Tried below before
Hon. R. J. Alexander.

*J. W. Terry* and *A. H. Culwell,* for appellant.

No briefs for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellee to
recover damages for personal injuries alleged to have been caused by the
negligence of appellant. The petition alleges in substanc that on Octo-
ber 20, 1902, plaintiff went to the railway station of defendant railway
in the town of Lyons, in Burleson County, and procured a ticket for
transportation over defendant's road to Davidson's Switch, another sta-
tion on said road in Burleson County; that as soon as defendant's train
on which plaintiff had procured passage reached the station at the town
of Lyons plaintiff at once left the waiting room and got upon the car
as quickly as she could; that while plaintiff was in the act of getting on
the car, and before she had sufficient time to board same, the train with-
out any warning started with a sudden jerk, which threw plaintiff's
entire weight upon her arm, whereby it was painfully and seriously
injured. It is further alleged that plaintiff's arm is permanently in-
jured and damages are sought to be recovered on account of the perma-
nency of the injury.

The defendant's answer contains a general demurrer and general
denial, and special plea in which the plaintiff is charged with con-
tributory negligence in failing to get upon the train within a reasonable
time after it had stopped at said station, and in not consulting a
physician in regard to her injury and using ordinary care in its treat-
ment.

The trial in the court below resulted in a verdict and judgment in
favor of plaintiff in the sum of $500.

The evidence upon the issues as to the extent of plaintiff's injuries
and the care exercised by her in the treatment of same is as follows:
Plaintiff testified: "The sudden start or jerk of the train did not
cause me to fall down to the ground, but I held on with my left hand,
and finally got upon the platform and went into the coach. My arm
was paining me awfully, and I was sick. Before I left the train at

Davidson's Switch I had a high fever and my arm was badly swollen. I walked to Mr. Holliman's with my daughter-in-law, but was suffering so that I had to stop on the road once or twice. After I got there I went to bed. I stayed in bed about two weeks. The swelling did not entirely leave my arm for two months after I was hurt. My arm is now stiff and twisted, and I can not raise my hand to my head. My daughter-in-law bathed my arm in liniment and salve, which was all the treatment my arm received. I believe my arm was dislocated, and I knew that if it was dislocated a doctor could reset it. Do not believe a doctor could have done me much good. I did not send for a doctor. I did not ask any one to get a doctor for me."

Mrs. Henry Condra testified: "After we left the train I examined Mrs. Condra's arm and found it very badly bruised and swollen. I bathed it in liniment and bandaged it for her. She stayed in bed something over a week. We used nothing but liniment on her arm. Mrs. Condra did not ask me to send for a doctor, and I did not send for one. The skin was not broken on her arm anywhere. It never bled at any time that I know of. There was no eruption on her arm, and no blood flowed from it at any time that I saw."

H. C. Holliman testified: "I examined Mrs. Condra's arm next morning, while she was sitting by the fire, and found it swollen and black. She laid around the house something like a week. I mean by lying around that she would be lying on the bed part of the day, with her clothes on, and would be sitting up part of the day. I do not remember seeing her during the day with her clothes off."

Appellant's seventh assignment of error complains of the following paragraph of the trial court's charge to the jury: "You are instructed that under the issues submitted herein the burden of proof is upon the plaintiff to show by a fair preponderance of the testimony the negligence of the defendants, and that she was injured as alleged; if this has been shown to your satisfaction by a fair preponderance of testimony, then the burden of proof shifts to the defendants, and they must show by the evidence to your satisfaction that the plaintiff was guilty of contributory negligence as hereinafter given you in charge."

This charge is clearly erroneous in that it required of the defendant a higher degree of proof in the establishment of its defense of want of ordinary care on the part of plaintiff in the treatment of her injury than the law demands. Baines v. Ullman, 71 Texas, 537; Emerson v. Mills, 85 Texas, 385; Bluntzer v. Dewees & Hinkle, 79 Texas, 272; Missouri K. & T. Ry. Co. v. Kemp, 30 S. W. Rep., 1117; Lumber Co. v. White, 38 S. W. Rep., 391.

While it may be technically inaccurate to designate plaintiff's want of care in the treatment of her injury as contributory negligence, both the pleading of defendant and the charge of the court refer to it as such, and the jury must have understood the paragraph of the charge above quoted as applying to the issue of plaintiff's care in the treatment of her arm after it was injured.

We think the evidence clearly raises the issue of whether the damages claimed by plaintiff for the permanent injury of her arm were not proximately due to her own want of care in failing to have the injury properly treated, and the charge of the court to the effect that this defense must be proved to the satisfaction of the jury before they would be authorized to find for the defendant is such affirmative error as requires a reversal of the judgment of the court below.

The court in several paragraphs of his charge, in stating that it was the duty of plaintiff to get upon defendant's train within a reasonable time after it arrived at the station, uses the qualifying clause, "conditioned and circumstanced as she was." While it is generally true that in determining the question of whether an act is negligent or is negligently performed all of the circumstances and conditions surrounding the person acting should be considered, the connection in which the .clause above quoted is used and its frequent repetition renders the charge ambiguous, and probably subjects it to the criticism of being upon the weight of the evidence.

The remaining assignments do not present any material error or any that is likely to be repeated upon another trial. Because of the error in the charge on the degree of proof required of the defendant, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*