### RUTLIN v. TRINITY OIL CO.

(Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1912. Rehearing Denied Dec. 4, 1912.)

TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF TESTIMONY.

In an action against a master, where the court fully charged on the issues of contributory negligence and assumption of risk, the giving of four special charges on contributory negligence and five on assumption of risk, at the request of the master, was improper as a comment on the weight of the evidence because putting undue stress on those issues, and tending to lead the jury to believe that it

was the opinion of the court that they had been proven.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Alex Rutlin against the Trinity Oil Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Parks & Patton and Thos. S. Plowman, all of Dallas, for appellant. Walter F. Seay, of Dallas, for appellee.

FLY, J. This is a suit instituted by appellant, a former employé of appellee, to recover damages alleged to have accrued by reason of a defective machine, designated a "former," which was used in the manufacture of cotton seed cake, whereby his hands were mashed and lacerated. Appellee pleaded contributory negligence and assumed risk. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellee.

There is a conflict of evidence in the case, the evidence of appellant tending to show that the injury was caused by a defect in the machine and without fault on the part of the appellant, and that of appellee tending to show assumed risk and contributory negligence on the part of appellant. It was shown by appellee that the carriage which mashed appellant's right hand would not move without a lever being pressed, but appellant, and at least one other witness, testified that he did not have his hand on the lever. The evidence was sufficient to take the case to the jury, and the court submitted it to the jury on every issue raised by the evidence, among such issues being assumed risk and contributory negligence. Not satisfied, however, with the charge given by the court, appellee requested four special charges on contributory negligence and five on assumed risk, all of which were given by the court. This was undue repetition, and gave such prominence to the issues named that it was upon the weight of the testimony. Powell v. Messer, 18 Tex. 401; Traylor v. Townsend, 61 Tex. 144; Hays v. Hays, 66 Tex. 607, 1 S. W. 895; Fore v. Hitson, 70 Tex. 517, 8 S. W. 292; Perez v. Everett, 73 Tex. 431, 11 S. W. 388; Kroeger v. Railway, 30 Tex. Civ. App. 87, 69 S. W. 809; Railway v. Condra, 36 Tex. Civ. App. 556, 82 S. W. 528. The special charges, together with the charge of the court, undoubtedly put undue stress upon the issues of contributory negligence and assumed risk, and would lead a jury to believe that it was the opinion of the court that those issues had been proved. The issues were fully presented by the court and the numerous charges requested by appellee should have been refused.

The judgment is reversed, and the cause remanded.