DRAKE v. NORTHERN TEXAS TRACTION CO. (No. 7797.)

(Court of Civil Appeals of Texas. Dallas. June 30, 1917. Rehearing Denied Oct. 13, 1917.)

1. TRIAL ☞244(4) — INSTRUCTIONS — UNDUE PROMINENCE OF MATTERS.

In a passenger's action for injuries sustained in alighting from a street car, the court's general charge told the jury that it was plaintiff's duty to exercise ordinary care for his own safety, and that his failure to do so would constitute negligence and prevent a recovery. The court also gave five special charges, requested by defendant, telling the jury in effect that if, when plaintiff attempted to alight, his hands were incumbered, and he failed to seize the handholds, and stepped straight out from the car, instead of following its motion, and that if such conduct was a failure to use ordinary care and contributed to his injuries defendant was entitled to a verdict; that it was plaintiff's duty to exercise ordinary care, and if he alighted while the car was moving, and in a manner and form contributing to his injury, and if in this respect he was negligent, to find for defendant; that if plaintiff failed to observe that the car was in motion, and if by looking he could have seen this, and if his failure in this respect was negligence and contributed to his injuries, he could not recover; and that, even though he was injured in alighting from the car, the verdict should be for defendant, unless his injuries were caused by defendant's negligence. Held that, while these special charges applied correct principles of law to the evidence, they were erroneous, as emphasizing and giving undue prominence to the claim that plaintiff's negligence contributed to his injuries.

2. CARRIERS ☞347(11)—INJURIES TO PASSENGER — CONTRIBUTORY NEGLIGENCE — QUESTIONS FOR JURY.

Where in such action defendant's witnesses testified that plaintiff alighted safely after the car came to a stop, and after he was on the ground fell in catching his hat, which was falling from his head, while plaintiff testified that he went into the vestibule, that the conductor opened the car door, and that assuming the car had stopped, the night being dark, he started to alight without looking, and was thrown down, the question of contributory negligence was properly submitted to the jury, since while defendant's testimony raised no such question, plaintiff's own testimony did, as the jury might have found that plaintiff was negligent in assuming that the car had stopped.

3. CARRIERS ☞347(11)—INJURIES TO PASSENGER — CONTRIBUTORY NEGLIGENCE — QUESTIONS FOR JURY.

Whether a street car passenger was negligent in starting to alight from a moving car on the assumption that it had stopped was a question for the jury, where there was evidence that the night was unusually dark, and that plaintiff's vigilance was relaxed, and he failed to look because the conductor opened the door, thereby inviting him to alight.

4. TRIAL ☞191(9)—INSTRUCTIONS ASSUMING FACTS—INJURIES TO PASSENGERS.

An instruction that if plaintiff failed to observe the car was in motion, and if by looking he could have seen that it was, and if his failure in this respect was negligence and contributed to his injuries he could not recover, did not assume that plaintiff in alighting from the car while in motion was negligent per se.

5. CARRIERS ☞348(6)—INJURIES TO PASSENGER—INSTRUCTIONS.

In a street car passenger's action for injuries, an instruction leaving it to the jury to determine whether an ordinarily prudent person would have alighted from the car under the facts related was equivalent to an instruction telling them to determine whether one in the exercise of ordinary care would have done so.

6. CARRIERS ☞348(13)—INJURIES TO PASSENGER—INSTRUCTIONS—BURDEN OF PROOF.

In a street car passenger's action for injuries, an instruction that negligence could not be presumed, but 'must be proved as any other fact, correctly presented the issue of burden of proof, and, not being included in the general charge, was properly given as a special charge.

7. TRIAL ☞234(7)—INJURIES TO PASSENGER—INSTRUCTIONS—BURDEN OF PROOF.

An instruction that negligence could not be presumed, but must be proved as any other fact, was proper, notwithstanding evidence claimed to justify the jury in presuming negligence, since correctly speaking the jury never presumes negligence from proven facts, but finds that proven facts constitute negligence.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Amon Drake against the Northern Texas Traction Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

John Spann and Marcus M. Parks, both of Dallas, for appellant. J. Hart Willis and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

RASBURY, J. Appellant sued appellee in the court below to recover damages for personal injuries alleged to be the result of the negligence of appellee's servants in the operation of one of appellee's street cars. The negligence relied upon as ground for recovery was that while appellant was a passenger upon appellee's car in the city of Dallas, and when approaching the point at which he desired to alight, he stepped into the vestibule of the car, and while there appellee's servants, before the car came to a stop, opened the door, whereupon appellant, assuming the car had come to a stop and being unable, because of the unusual darkness of the night to observe that the car was in motion, stepped from the car and was thrown upon the ground and seriously injured. The pleading of appellee on the merits of the case consisted of the general denial and plea of contributory negligence. There was a trial before

jury; the case being submitted upon a general and certain special charges. Verdict was for appellee, followed by like judgment. From the latter this appeal is prosecuted.

From the evidence tendered by appellant the following facts, in relation to how his injuries were inflicted, are deducible: Appellant, a negro 42 years of age, on the night he was injured boarded a car at the post office at 12:20 a. m. for his home in the southern part of the city of Dallas. When the conductor called Third street, the point where appellant desired to alight, the latter signaled the car to stop for that street. The entry to and from the car is by a vestibule, the doors to which are customarily closed until the car stops for taking on or discharging passengers. Shortly after signaling the car to stop appellant walked from within the car to the center of the vestibule and halted. While so standing the conductor opened the door and appellant, assuming the car had stopped, without looking stepped down, he thinks, upon the car step, though he is not sure, about which time he realized the car was moving and felt himself falling in a "swirl" to the ground. When appellant stepped from the car he had a paper sack containing two or three oranges in his hand, and was unable to recall whether he seized the handholds of the car when he stepped out. Appellant, had he looked, could have seen that the car was moving. He did not look because he assumed the car had stopped or the door would not have been opened for him to alight. After appellant arose from his fall he saw the car standing in the vicinity of where he had alighted and the conductor looking back at him. He returned to the car, and as he approached it the conductor opened the door and appellant entered or sat upon the car floor at the entrance. The conductor asked if he was hurt, and upon appellant replying he was the conductor examined him and said he did not think he was hurt, but if he was it was the fault of appellant, which the latter denied.

The facts concerning how appellant's injuries were inflicted deducible from the evidence of appellee's witnesses are these: Appellant, after boarding the car, told appellee's conductor that he desired to alight at Third street. The conductor, when approaching Third street, signaled the motorman to stop, which he did. The car came to a "dead" stop, after which the appellant arose from his seat within the car, the conductor opened the door, and appellant stepped out without accident; the place where he alighted being the best lighted in that vicinity. After appellant left the car and as it was moving away appellant, in catching his hat, which for some reason was falling from his head, fell out into the street. At this juncture the conductor, observing an approaching interurban car, stopped appellee's car, as was customary for any possible passengers at this point, and while so waiting appellant returned to the car. The con-

ductor asked him if he had hurt himself, and he said he believed he had, whereupon the conductor examined him, but could find no injuries.

No issue is made as to the extent of appellant's injuries, which the evidence discloses are serious and permanent.

[1] The case was submitted to the jury upon a general and sundry special charges allowed at the request of appellee. Such presentation appellant contends was erroneous in that it emphasized the alleged negligence of appellant, and thereby misled the jury. This contention presents the first inquiry. By the general charge the jury was told that when appellant attempted to alight from the car appellee owed him the highest degree of care, and a failure to exercise such care would constitute negligence entitling appellant to recover damages for any injuries suffered. The jury were also told by the general charge that it was appellant's duty in alighting from the car to exercise ordinary care for his own safety, and his failure to do so would constitute negligence and prevent recovery if his negligence contributed to his injuries. Other necessary and pertinent instructions were included in the general charge. The charge so standing, the trial judge, at request of appellee, allowed, among others, five special charges. By No. 5 the jury were told, in substance, that if they found, at the time appellant attempted to alight from the car, his hands were incumbered, and he failed to seize the handholds and stepped straight out from the car instead of following the motion of the car, and that such conduct was a failure to use ordinary care and contributed to appellant's injuries, appellee would be entitled to a verdict. By No. 2 the jury were told, in substance, that it was appellant's duty to exercise ordinary care in alighting from the car, and if appellant alighted therefrom while it was moving, and in a manner and form which contributed to injure him, and he was in that respect negligent, to find for appellee. By No. 7 the jury were told that if they believed appellant, in alighting from the car, failed to observe it was in motion, and that by looking he could have seen that it was and that his failure in that respect was negligence and contributed to his injuries, he could not recover notwithstanding appellee was also negligent. By No. 4 the court told the jury, in substance, that even though they believed appellant was injured in alighting from the car they should return verdict for appellee, unless appellant's injuries were caused by appellee's negligence.

We conclude, as maintained by appellant, that the manner in which the known careful and able district judge submitted the case to the jury was erroneous in that it emphasized and gave undue prominence to the claim that appellant's negligence contributed to his injuries, and in that it was calculated to mislead the jury to believe that the trial court was of that opinion. It is the long-settled

rule that issues nor facts may be accentuated or given undue prominence by repetition, and that to do so is reversible error. Powell v. Messer, 18 Tex. 402; Fore v. Hitson, 70 Tex. 517, 8 S. W. 292; Lumsden v. Railway Co., 28 Tex. Civ. App. 225, 67 S. W. 170; Kroeger v. Railway Co., 30 Tex. Civ. App. 87, 69 S. W. 809; Rutlin v. Trinity Oil Co., 151 S. W. 584. The reason for the rule lies in our statement of the contention just above.

It is, however, urged by appellee that the charges enumerated contain correct principles of law, and is but applying such correct principles of law to the evidence, or a grouping of the facts constituting its defense, and to which it is entitled. We concede the principles announced as correct, and the right to have them applied to the evidence, yet such concession will not cure the error, if we are correct in our deduction originally stated that such charges emphasized and gave undue prominence to appellant's negligence, and probably misled the jury into the belief that the court so regarded such negligence. For while it is well settled that appellee was entitled to a charge grouping the facts deducible from the evidence, which, if believed by the jury, would establish contributory negligence on the part of appellant and thereby defeat recovery, it is as well settled that appellee was not entitled to repetitions of the issue, and the circumstances tending to establish the defense. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058. The evidence on trial clearly entitled appellee to a charge on the issue of contributory negligence, and the rule cited permits those facts to be grouped in order that the jury may pass upon that very issue. Incidentally, it was appellee's duty to prepare such charge correctly. See McGlamory's Case. Charge No. 5 substantially conformed to the rule by including therein approximately all the circumstances attending appellant's attempt to alight from the car. There was no other act tending to establish contributory negligence than appellant's attempt to alight from the car. As a consequence that fact should have been and was included in charge No. 5. Yet the issue was repeated as an independent defense in charge No. 2, when the manner and form in which appellant alighted from the car was presented in a separate special charge. Again, the issue was presented in another special charge as an independent defense when the jury were told that it was negligence to step from the car without looking. The most that can be said of either of the latter special issues is that they are or should have been included in charge No. 5. It is certain that they are not facts, independent of and separated from appellant's negligence in alighting from the car, which would defeat his right of recovery, but inherently under the evidence either the same fact differently stated or a component circumstance of that fact. After having thus

charged generally once and three times specially upon appellant's negligence, the court admonishes the jury by charge No. 4 that, even though appellant was injured, he must prove that it was due to appellee's negligence, notwithstanding the general charge placed the burden of proof upon appellant. We cannot but believe that the general presentation of appellant's case and the specific presentation of appellee's defense, omitted in the three separate special charges on contributory negligence, coupled with admonition of the court in reference to burden of proof, that the jury were probably misled by the prominence given to that issue.

[2] It is also contended by appellant that the issue of contributory negligence was improperly submitted to the jury because without support in the evidence. While it is true that appellee's evidence does not raise the issue of contributory negligence on the part of appellant, since the effect of its testimony is that appellant safely alighted from the car while it was at standstill, yet appellant's testimony does, since it appears therefrom, in substance, that at the time he alighted from the car it was moving and that had he observed he could have known that fact, and also that his hands were incumbered, though slightly, and that he failed to seize the handholds of the car. The jury were not compelled to accept in toto the facts supported by the evidence of either party, and it will hardly be denied that the facts stated raise the issue. Nor does the fact that appellant, assuming that the car was at standstill or the door would not have been opened, acted upon the implied invitation to alight change the situation. The jury may have believed that it was negligence to do that very thing.

[3-5] It is urged that the court by special charge No. 7 told the jury that a failure to observe that the car was in motion was negligence per se. Whether appellant's failure to observe the undisputed fact according to appellant's testimony that the car was in motion was negligence was, in our opinion, a question of fact for the jury. Conceivably such failure might be negligence per se, as in case of one traveling upon a car in the daytime, for we can hardly comprehend how one could fail, under such circumstances, to observe the motion of a street car. But the testimony of appellant is that the night was unusually dark, and that his vigilance was relaxed and he failed to look, because he was invited to alight by the opening of the door, which we think presents an issue for the jury. However, the charge does not assume that appellant, in alighting from the car while in motion, was negligent per se. It does, in effect, assume the undisputed fact that the car was in motion, but as to whether it was negligence to alight from the car was left to the jury when they were told to determine whether an ordinarily prudent person would have alighted from the car under the facts related. Whether an ordinarily

prudent person would have done a thing under the same or similar circumstances is equivalent to saying whether one in the exercise of ordinary care would have done the same thing. Railway Co. v. Johnson, 48 Tex. Civ. App. 135, 106 S. W. 773.

[6, 7] The court, at request of appellee, told the jury that negligence could not be presumed, but must be proved as any other fact. Appellant contends that it appearing from the evidence that the appellee's conductor opened the car door while it was in motion, thereby expressly and impliedly inviting appellant to alight from the car, and it appearing that appellant accepted the invitation and was injured as a result, the jury could presume negligence from such facts, and hence the charge was prejudicial. First, it may be said that the charge correctly presented the issue of burden of proof, and the court, failing to include it in the general charge, could allow it as a special charge. Railway Co. v. Morin, 66 Tex. 133, 18 S. W. 345. The charge reviewed in the cited case is quite similar to the one complained of. Secondly, it may be said, correctly speaking, that the jury never presumes negligence from proven facts, but finds that proven facts constitute negligence. As a consequence, it must be concluded, in view of the verdict, that the jury, upon consideration of the facts recited, found they did not in fact constitute negligence. There are a number of other points urged by appellant, which, in our opinion, fail to disclose reversible error, and are hence overruled, since a discussion of them would be of no value.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded for another trial not inconsistent with the views herein expressed.

Reversed and remanded.