MULDER v. ACHTERHOF.

1. PARENT AND CHILD—EMANCIPATION—INFANTS.
   Allowing minor son to retain small earnings as spending money is not in and of itself proof of emancipation.

2. SAME—DIRECTED VERDICT.
   In mother's action for damages sustained by her in consequence of injuries to minor son, evidence of his emancipation, *held*, insufficient to create issue for jury.

3. DAMAGES—MEASURE OF DAMAGES—DAMAGES RECOVERABLE BY PARENT WHERE INFANT SURVIVES.
   In computing damages recoverable by parent for injuries to minor child, resulting in death, cost of rearing is deductible from amount recoverable for loss of earning power, but where child survives rule is otherwise, and cost of rearing is not deductible.

4. SAME—EXCESSIVE VERDICT.
   Verdict of $2,100 for damages to mother in consequence of injuries to 16-year old son, not resulting in his death, *held*, not excessive, where evidence shows that hospital and doctors' bills amounted to $1,063, that his earning capacity is seriously impaired by permanently stiffened knee, and that at time of injury he was earning $6 per week, which could normally have been expected to increase as he grew older.

Appeal from Ottawa; Vanderwerp (John), J., presiding. Submitted January 12, 1932. (Docket No. 82, Calendar No. 36,195.) Decided April 4, 1932.

Case by Bertha Mulder against Harry Achterhof, Sr., and another for damages sustained by her in consequence of injuries to her minor son received in an automobile accident. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

As to excessiveness of verdicts in actions for personal injuries other than death, see annotation in L. R. A. 1915F, 30, 299.

As to excessiveness of verdict for injury to hip, leg, knee, etc., see annotation in 46 A. L. R. 1335.

*Clare E. Hoffman* and *Carl E. Hoffman (Leo W. Hoffman,* of counsel), for plaintiff.

*Dunham, Taylor & Allaben,* for defendants.

North, J. In this suit plaintiff seeks to recover damages alleged to have been sustained by her in consequence of injuries received by her minor son in an automobile accident for which she charges defendants are responsible. The facts and circumstances surrounding the accident appear in *Essenberg* v. *Achterhof,* 255 Mich. 55. Prior to the accident the father of the minor had died. The mother here seeks to recover expenses incurred by her incident to her minor son's injuries and also the loss of his earnings during his minority which the mother has or will sustain. Plaintiff had judgment for $2,100; and the defendants have appealed.

Appellants' first contention is that the question of the emancipation of the minor son should have been submitted to the jury as an issue of fact. The trial court held as a matter of law that the son had not been emancipated. The testimony disclosed that until the week prior to his injury the minor's earnings had been limited to substantially 75 cents a week for assistance rendered on Saturdays to his stepfather, who operated a milk route, and that the son had been allowed to retain these small earnings for his individual spending money. The testimony also disclosed that other minor sons of plaintiff living in the family were permitted to retain their earnings after paying an agreed amount to plaintiff for board. However, it further appears from the record that this minor son was not only living in the home of his mother, but that he was clothed, boarded, sent to school by her, and had plans for continuing his school work until graduation. In the former suit

by the minor son, no attempt was made on his part to recover for impaired earning power during his minority. The evidence of the injured minor having been permitted to retain his small earnings for spending money or of the relationship between the mother and her other sons, in the face of the positive facts disclosed by the record and refuting emancipation, is not sufficient to create an issue for the jury. Allowing a minor to retain small earnings as spending money is not in and of itself proof of emancipation. It is only an ordinary incident in the development, education, and home life of most minors; being merely the equivalent of a parent giving the minor such amounts for his own use. The trial judge was correct in refusing to submit the question to the jury.

Appellants also assert the trial judge in his instructions to the jury adopted a wrong rule of damages. They contend that the measure of the mother's recovery for damages resulting from the impaired earning power of her injured son is the amount by which his earning capacity during minority is diminished less the cost of rearing him. They cite numerous cases in their brief, but, with the exception of one, to which attention will later be called, each of the Michigan decisions involved the death of a minor rather than his injury and impairment of earning power. Obviously, in case of death the proper rule of damage would be to deduct the cost of rearing, because by death of the minor the parent is relieved of that expense. But this is not true where the minor survives. The Michigan decision on which appellants largely rely is *Pratt* v. *Detroit Taxicab & Transfer Co.*, 225 Mich. 147, wherein it is said:

"It was and is insisted that the trial judge was not authorized in submitting to the jury the question

of plaintiff's pecuniary loss for the services of his minor son by reason of the fact that such loss must be limited to the probable earnings of the minor less the expense of his living until he reached the age of 21, *and that the case being barren of any evidence of the probable expense of his living, the verdict * * * is without evidential support.*"

The decision in the circuit court was affirmed in this court; and is construed by appellants as upholding the rule of damages for which they contend. A careful reading of the *Pratt Case,* together with an investigation of the record and briefs therein filed, discloses that the question now before us was not at all involved. There the trial judge, in accordance with the defendant's request, charged the jury that the damages "as counsel have both indicated * * * (are) the loss of the wages that the father would sustain, * * * less the expense of his (the minor's) care and keep from the time of the accident to the time that he is 21 years old." The defendant was the appellant, and therefore could not and did not assign error upon a charge given in exact accordance with its request. Further, as noted from the above-quoted portion of the charge, counsel on both sides of the *Pratt Case* seem to have agreed that the rule of damages given by the court to the jury was the proper rule. The only complaint made by appellant on this phase of the record was that the ultimate result could not be determined by the jury because there was no testimony tending to establish the cost of maintaining the minor. This contention was overruled on the authority of *Black* v. *Railroad Co.,* 146 Mich. 568. The *Pratt Case* is not an authority in support of appellants' contention as to the proper rule on the measure of damages in the instant case. Decisions may be found in other jurisdictions sustaining the rule for which appellants now contend;

but they concede in their brief that it is the minority rule. We think it is not the proper rule. In *Houston & T. C. R. Co.* v. *Lawrence* (Tex. Civ. App.), 197 S. W. 1020, the correct rule of damage is thus indicated:

"The damages recoverable by a parent for injuries to a minor child, not resulting in death, are not restricted to the value of the services of the child during his minority, less the expense of feeding and clothing; this is so for the reason that the expenses of feeding, clothing and educating the minor during his minority devolve upon the parent anyway, and such expenses in the present case were not shown to have been diminished, but rather increased, by the injury. *Texas & P. R. Co.* v. *Morin,* 66 Tex. 133 (18 S. W. 345)."

See, also, *Thomas* v. *Railway Co.* (Mo. App.), 180 S. W. 1030, 1031.

It is further contended by appellants that the verdict is excessive. At the time of injury the son was not quite 16 years of age, and was attending high school. He had just been employed by his stepfather to work during the vacation period at $6 per week. His earnings for the one week he worked were paid to and retained by the plaintiff. One of plaintiff's other minor sons was employed in this same manner at $17 per week. As a result of his injuries, plaintiff's son has a permanently stiffened knee; and obviously is handicapped, if not wholly incapacitated, for doing the work for which he was employed. A reasonable inference is that as he grew older his earning capacity would have normally increased. Plaintiff's testimony was that she had incurred and partially paid hospital and physicians' bills incident to her son's injury amounting to $1,063. Thus it is fair to assume that the jury awarded plaintiff less

than $1,000 as damages resulting from the impaired earning capacity of her minor son. Under this record the amount so awarded is not excessive. Appellants' claim that the verdict is excessive is in part, at least, based upon their contention that the court failed to instruct the jury as to the proper measure of damages. Our holding above is not in harmony with appellants' contention in this regard. The judgment of the circuit court is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.