## BOLLING v. RODRIGUEZ.

### No. 11977.

Court of Civil Appeals of Texas. Galveston.
May 27, 1948.

Rehearing Denied July 15, 1948.

Fulbright, Crooker, Freeman & Bates, M. S. McCorquodale, and James C. Watson, all of Houston, and Carlos Masterson, of Angleton, for appellant.

Davis & Henderson, of Angleton, for appellee.

GRAVES, Justice.

This appeal is from a $15,000.00-judgment of the District Court of Brazoria County, in favor of appellee against the appellant entered in part upon a jury's verdict in response to 37 special-issues submitted to it, and in part, as recited by the court, upon "the undisputed evidence, and the stipulations of counsel".

Such award was allowed the appellee as compensation for personal injuries so found to have resulted to him from a collision on State Highway 36 in the Town of

Brazoria, Texas, between a motorcycle operated by himself and an automobile driven by the appellant; the court and jury found the mishap had been wholly caused by appellant's negligent-operation of his automobile in a number of specified particulars, while, in turn, the appellee had been free of any negligence in his driving of the motorcycle.

After the appeal, in due course of procedure, had reached this Court, on—to-wit—the 14th day of January, 1948, and prior to its submission for determination upon the merits thereof, the appellee, on April 3 of 1948, filed in the district court what was termed his "Motion to Correct Transcript" whereby he sought to have the trial judge so amend the court's original order overruling appellant's motion for new trial as to show, in substance and effect, that the parties then orally agreed the appellant would not contend on appeal that his objections as then filed by him to Paragraph C of Special-Issue No. 37, of the court's charge, included "the grounds that said special issue should have restricted the jury's findings to the amount of the lost earnings from the date the plaintiff arrived at 21 years of age until the date of the trial".

In response to such motion, on the 8th day of April, 1948, but entered on the 12th day of April, 1948, Honorable G. P. Hardy, Jr., Judge, granted an amended or corrected order, overruling appellant's motion for a new trial, substantially in this form:

"* * * it is accordingly ordered that the motion of the Defendant, C. E. Bolling, for a new trial in the above case be, and the same is hereby overruled, with the qualification and explanation that the undersigned, as Presiding Judge, finds as a fact, upon good and sufficient testimony, that at the time Counsel for the Defendant was dictating his exceptions and objections to the Court's charge, and prior to filing them, he agreed with Counsel for the Plaintiff to waive and did waive any objection to Paragraph C of Special Issue No. 37, upon the grounds that said paragraph permitted the jury to award damages to Rodriguez for loss of earnings from the date

of the accident to the date he arrived at the age of 21 years.

"It is further ordered that this amended-order be filed by the Clerk of this Court as a part of the record in the above entitled and numbered cause, and a copy thereof be forwarded to the Clerk of the Court of Civil Appeals for the First Supreme Judicial District of Texas in Galveston, Texas, to become a part of the record in the cause therein styled and numbered C. E. Bolling v. Robert A. Rodriguez, No. 11,-977. * * *"

Accompanying such supplemental transcript, which was presented to the Clerk of this Court for filing on April 20 of 1948, but not filed by him unless and until ordered by this Court, there was also presented for filing here, along-with it, what the parties and Judge Hardy of such court agreed was a correct statement-of-the-facts presented on the hearing before such Judge of such motion to so correct and supplement the original transcript.

On presentation to it of the motion for the filing of this supplemental-transcript among the papers of this cause, this Court took the same for consideration with the appeal itself, upon submission thereof on May 13 of 1948. After due consideration, permission to file the motion is refused, upon the holding that this Court has no jurisdiction to entertain the same, since it came here under these undisputed circumstances:

(1) The order overruling motion for new trial was entered November 26, 1947, and the order amending such order overruling motion for new trial was entered April 12, 1948, and dated April 8, 1948;

(2) The amended-order is in direct contradiction to the order overruling the exceptions and objections of Appellant to the court's charge, wherein it is stated: "The foregoing special exceptions and objections were by agreement of the parties, and with the approval of the Court, dictated to the Court Reporter, after both sides had rested, and after the charge of the Court had been submitted to the parties in writing, and before such charge was read to the jury, and each and all of the foregoing

objections and exceptions were duly presented to and considered by the Court, and the same are hereby overruled; to which ruling, the defendant is allowed an exception." There has been no attempt to amend the order overruling the objections and exceptions of Appellant; the objection to the earnings of the minor was made at that time, in Paragraph VI of his exceptions to the charge, as follows:

"VI.

"Special Issue No. 37, and particularly paragraph (c) thereof, because in such paragraph the jury will be permitted to award the plaintiff Rodriguez compensation for the loss of earnings from the date of the accident to the time of trial, when the evidence is insufficient to establish the right of the plaintiff to such earnings.

"Further to paragraph (c) of Special Issue No. 37, because the evidence is insufficient to establish the amount of the loss of earnings, to which the plaintiff Rodriguez would be entitled up to the date of trial."

(3) No action was taken by Appellee from the time the motion for new trial was filed in the trial court until after the brief of Appellant was filed in this Court; the record will reflect that Appellant's motion for new trial was filed on November 26, 1947, and the brief of Appellant was filed in this Court on March 4, 1948, more than three months after motion for new trial was filed in the trial court.

(4) Counsel for Appellee approved the order overruling motion for new trial below, which is now contained in the record. No question was raised at that time, nor within the fifty days thereafter, as required by Rule 381, Texas Rules of Civil Procedure, as to any claimed oral agreement in respect to an objection concerning the earnings of the minor.

In other words, it is held that, under the rules and procedure referred to, neither the trial court nor the Judge thereof had, on April 8 of 1948, any authority or jurisdiction to so change the judicial effect of the trial court's order of November 26, 1947, so overruling appellant's motion for new trial therein, by any such attempted finding on April 8, 1948, of there having

been a purported waiver on November 26 of 1947 by counsel for appellant of any objection he had theretofore made to Paragraph C of Special-Issue No. 37, as submitted to the jury by the trial court; indeed, while the order is termed one "to correct the record", its sole substance and effect is to undertake to find as a fact on April 8 of 1948, after full evidence heard on that day, that the counsel for this appellant had, on November 26, of 1947, then agreed to waive any objection he had then filed to such Paragraph C of Special Issue No. 37 in the face of the recited orders to the contrary then made by the trial court, and carried by the appellant into the undisputed procedure of the former trial, whereby he had perfected his appeal upon such record then made of the trial below.

While, as a general rule, the perfection of an appeal terminates the authority of the trial court (Gulf, C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Tex. 98, 2 S.W. 199, 3 S.W. 564; 3 Tex.Jur. P. 369), it is as well settled that such trial court may correct a judgment or record after adjournment of the trial court term, and the perfection of an appeal to the Court of Civil Appeals, at any time before final judgment in the appellate court, so as to make the record in the trial court speak the truth (3 Tex.Jur., Page 372); but such correction must be confined to truly reciting what the court decided, and not what it may afterwards determine is a proper judgment; in other words, if its attempted correction is of a judicial error, instead of a clerical one, it could not be made after the term of court below had ended, and an appeal had been perfected. Arrington v. McDaniel, 119 Tex. 148, 25 S.W.2d 295; Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.2d 394; Midwest Piping & Supply Co., Inc. v. Page, Tex.Civ.App., Beaumont, April 28, 1939, 128 S.W.2d 459, writ of error refused; O'Daniel v. Libal, Tex. Civ.App., Waco, 1946, 196 S.W.2d 211, no writ.

In a sense, the amended-order in question judicially determined nothing more than the original order overruling the motion for a new trial, so contained in the transcript regularly filed on the appeal herein;

that is, it purports simply to overrule appellant's motion for a new trial, as the former one did likewise; but the new matter injected into it is the attempt to now superimpose a finding-of-fact by the trial court, made at this later date of April 8, 1948, in response to the testimony then heard, as indicated, that the appellant's counsel had orally agreed at the time of the overruling of his original motion for a new trial below, that he would not raise the question on his appeal that the trial court had erred in overruling his exception below to Paragraph C of Special-Issue No. 37, on the ground that it allowed the jury to award appellee damages for loss of earnings from the date of the accident to the date of the trial below, when the evidence was uncontradicted that the appellee was a minor at the time of the accident, and that his father, who was then living, was entitled to the appellee's earnings—to the exclusion of himself—until the latter reached 21 years of age.

Indeed, the record brought here in support of the motion under review, together with appellee's brief upon the main appeal upon its merits, filed here the same day, April 24, 1948, shows upon its face that the appellee waited until after appellant's brief on such appeal had been filed in this Court on March 23 of 1948, to initiate the procedure in the trial court which resulted in the amended-order for new trial now asked to be made part of the record upon this appeal; that is, the whole proceeding came down to an effort at that hearing to have the trial judge then find, on April 8 of 1948, on the testimony then presented to him, that the appellant's counsel had, as a fact, agreed in so taking his exceptions below following the regular trial, that he would not raise any question concerning the minor's lack of ownership of his earnings before he became of age, upon this appeal.

This Court has taken the trouble to carefully examine all such testimony, with the result that it finds no sufficient support for such a claim. Neither the trial judge, nor the counsel for appellee, testified to any such specific oral agreement, their statements being limited to the position that they each and all had "understood" the objection appellant's counsel so filed to Section 3 of Special-Issue No. 37 to mean that; whereas, it otherwise undisputedly appeared that—at all times—appellant's counsel had reiterated the same language of that exception, so that, if, under his construction, the language he so used raised such question-of-law touching the appellee's non-ownership of his earnings during minority, as this Court thinks it did, then no finding of any new fact resulted from the second new-trial hearing below, even had it been permissible to then make one.

The appellant's counsel appeared at the amended new-trial motion hearing, contested the trial judge's jurisdiction to entertain it, repeated his position as so taken by him on the original motion for new trial hearing, and insisted that there had been shown no such oral agreement as claimed, nor anything varying in any way the exceptions he originally made to Special-Issue No. 37; he urged that the trial judge had no jurisdiction to go back of or undermine the regular record so made of the first trial, since it was neither claimed nor shown that any such oral-agreement by him had been then made, nor any variation of his original exception brought about.

■ Under the considerations stated, and the supporting authorities therefor cited, as indicated, that position must be sustained, and the motion to file the amended-record refused.

■ Passing to a consideration of the appeal upon the other questions raised, it is concluded that appellant's third point upon the merits of the appeal, discloses reversible error—that is, under such Special-Issue No. 37-C, as given by the court, the jury permitted and allowed the appellee a recovery for "Such loss of earnings, if any, as you may find from a preponderance of the evidence, he sustained from the time of said collision to the time of the trial'; this, despite the fact that the undisputed evidence showed, first, that the appellee was, during a portion of that period, a minor; second, that his father was living; and, third, that he had neither emancipat-

ed the son nor made a gift to him of his own earnings during the time he was under 21. This was error, under all the authorities. City of Fort Worth v. Lee, Tex.Civ.App. 182 S.W.2d 831, affirmed in 143 Tex. 551, 186 S.W.2d 954, 159 A.L.R. 125; Davis, Agent, v. Morris, Tex.Com.App., 272 S.W. 1103; Gulf, C. & S. F. Ry. Co. v. Johnson, Tex.Sup., 53 S.W. 374; Gulf, C. & S. F. Ry. Co. v. Mars, Tex.Civ.App., 14 S.W.2d 877; Houston Oxygen Co. et al. v Davis et al., 139 Tex. 1, 161 S.W.2d 474, 140 A.L.R. 868; Phoenix Assurance of London v. Stobaugh, 127 Tex. 308, 94 S. W.2d 428; Schaff v. Sanders, Tex.Com. App., 269 S.W. 1034; Schumacher v. Shooter, 132 Tex. 560, 124 S.W.2d 857; Texas Employers' Insurance Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929; Texas & Pacific Ry. Co. v. Morin, 66 Tex. 133, 18 S.W. 345; Houston & G. N. R. Co. v. Miller, 51 Tex. 270; Trinity County Lumber Co. v. Conner, Tex.Civ.App., 187 S.W. 1022; National Biscuit Co. v. Scott, Tex.Civ.App., 142 S.W. 65; Gulf C. & S. F. Ry. Co. v. Grisom, 36 Tex.Civ.App. 630, 82 S.W. 671.

The evidence also shows that the appellee had enjoyed substantial earnings as an electrician's assistant, along-with steady employment during his minority, and that he was 20 years old at the time of the accident.

Hence, since there was no apportionment at all by the jury, in the lump sum of $15,-000.00 so awarded the appellee for his damages, there is no way of telling, on appeal, how much of the $15,000.00-total the jury allowed for the amount of earnings under such Subdivision C of the damage-issue; it is true that it was a comparatively short time during which his minority lasted between the time of the accident, which occurred on April 30, 1946, and the occurrence of his 21st birthday on July 15, 1946; that is, some 2½ months intervening.

Wherefore, since the father of the appellee was shown to have had an interest in the damages so awarded the son, to the extent at least of the amount he would have earned from the time of the accident up to the attaining of his majority, it results that the appellant has not been relieved of any potential liability toward the father of the appellee by reason of this litigation, the father not even having been a party to the suit.

█ Moreover, since it thus appears to the court that the error in the judgment thus pointed out affects a part only of the whole matter in controversy, but that the issues so isolated and developed do not appear in such circumstances to be severable, within the meaning of Rule 434, Texas Rules of Civil Procedure, it would seem to follow—since piecemeal reversals are not favored—that the judgment in toto should be reversed, and the cause remanded for another trial, in order that the father may be made a party, and that another trial may be had, under proper instructions for the correct apportionment of any such damages as may be then awarded.

These authorities are thought to lend support to the order of reversal herein: Rule 274, Texas Rules of Civil Procedure, last sentence; Shary v. Helmick, Tex.Civ. App., 90 S.W.2d 302; Beazley v. Denson, 40 Tex. 416; Atchison, T. & S. F. Ry. Co. v. Dawson, Tex.Civ.App., 90 SW. 65, no writ; Dickey v. Phoebe Jackson, Tex. Com.App., 1 S.W.2d 577; Coca Cola Bottling Co. v. Heckman, Tex.Civ.App., Dallas, 113 S.W.2d 201, no writ; Perkins v. Lightfoot, Tex.Civ.App., 10 S.W.2d 1030, writ dismissed.

The other questions discussed in the briefs may not arise upon another trial. These conclusions require a reversal of the judgment, and a remanding of the cause.

It will be so ordered.

Reversed and remanded.